
RECEIVED

**THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

MAR 17 2008 aew

Mar 17 2008

**MICHAEL W. DOBBINS**

**CLERK, U.S. DISTRICT COURT**

United States of America ex rel.      )
                                      )
Cory Robinson B14923                  )

Petitioner

                                      08CV1558

    vs.                               JUDGE GOTTSCHALL
                                      MAGISTRATE JUDGE NOLAN

Nedra Chandler, Warden                )
                                      )
Respondent, and                       )
                                      )      Case No. of State Court Conviction
ATTORNEY GENERAL OF THE STATE OF      )
                                      )         89-CR-7299
ILLINOIS                              )
                                      )
                                      )

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: <u>Circuit Court of Cook County, Illinois, 5600</u>

    <u>Old Orchard, Rd., Rm 204, Skokie, Illinois 60077</u>

2.  Date of judgment of conviction: <u>June 13, 1991</u>

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known:

    <u>First Degree Murder, Attempted Murder, Residential Burglary</u>

4.  Sentence(s) imposed: <u>45 yrs. - Murder, 30 yrs – Att. Murder, 10 yrs. – Res. Burglary</u>

5.  What was your plea?  (Check one)      (A) Not guilty      ( )
                                          (B) Guilty          (**x**)
                                          (C) Nolo contendere ( )

    If you pleaded guilty to one count or indictment and not guilty to another county or indictment,

    give details: <u>N/A</u>

## PART 1 - - TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one) Jury ( )        Judge only ( )  N/A

2. Did you testify at trial?    Yes ( )        No ( )  N/A

3. Did you appeal from the conviction or the sentence imposed? Yes ( )   No ( )   N/A

   (A)  If you appealed, give the:

      (1)   Name of court:  N/A

      (2)   Result:        N/A

      (3)   Date of ruling:  N/A

      (4)   Issues raised:   N/A

   (B)   If you did not appeal, explain briefly why not:

      N/A

4. Did you appeal, or seek leave to appeal, to the highest state court? YES ( ) NO ( ) N/A

   (A)  If yes, give the:

      (1)   Result:        N/A

      (2)   Date of ruling:

      (3)   Issues raised:   N/A

   (B)   If no, why not:  N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*? YES ( ) NO ( ) N/A

   If yes, give (A) date of petition:  N/A            (B) date *certiorari* was denied:  N/A

## PART II – COLLATERAL PROCEEDING

1.  With respect to this conviction of sentence, have you filed a post-conviction petition in state court?

    YES (**x**) NO (  )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: <u>Circuit Court of Cook County, Illinois</u>

    B.  Date of filing: <u>October 7, 2003</u>

    C.  Issues raised: <u>Benefit of the Bargain and Violation of Due Process, U.S. Const. Amend. XIV, sec. 1</u>

    D.  Did you receive an evidentiary hearing on your petition? YES (  ) NO (**x**)

    E.  What was the court's ruling? <u>Dismissed</u>

    F.  Date of court's ruling: <u>April 29, 2005</u>

    G.  Did you appeal from the ruling on your petition? YES (**x**) NO (  )

    H.  (a)  If yes, (1) what was the result? <u>Affirmed</u>

        (2) date of decision: <u>June 28, 2007</u>

        (b)  If no, explain briefly why not: _____

    I.  Did you appeal, or seek leave to appeal this decision to the highest state court? YES (**x**) NO (  )

        (a)  If yes, (1) what was the result? <u>Denied for Leave to Appeal</u>

        (2) date of decision: <u>September 26, 2007</u>

        (b)  If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus? YES ( ) NO (**x**)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding:    N/A

        2. Date petition filed:    N/A

        3. Ruling on the petition:    N/A

        4. Date of ruling:    N/A

        5. If you appealed, what was the ruling on appeal?    N/A

        6. Date of ruling on appeal:    N/A

        7. If there was a further appeal, what was the ruling?    N/A

        8. Date of ruling on appeal:    N/A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas in **federal court**? YES ( ) NO (**x**)

    (A) If yes, give name of court, case title and case number: N/A

    (B) Did the court rule on your petition? If so, state:

        1. Ruling:    N/A

        2. Date:    N/A

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition? Yes ( ) No (x)

    If yes, explain:    N/A

## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

## BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.

(A)  **Ground One:** Whether Due Process of the U. S. Constitution, Amendment XIV, section 1 is violated when a plea rest in any significant degree on a promise or agreement of the prosecutor or someone in authority, so that it can be said to be part of the inducement or consideration, and such promise or agreement is not fulfilled.

Through a Post Conviction petition, petitioner presented to the trial court, that based solely upon the courts offer of 45 years, petitioner would agree to plead guilty in exchange for a specific sentence of 45 years, and that had petitioner known of the additional 3 year term, petitioner would not have entered a plea of guilty. The addition of the Mandatory Supervised Release to the agreed upon sentence violates Due Process because the sentence imposed is more onerous than the one petitioner agreed to at the plea hearing.

The State had argued that <u>People v. Russell, 345 Ill. App. 3d 16, 801 N.E. 2d 977, 280 Ill. Dec 32,</u> should take precedent in denying petitioner's Post-Conviction Petition. The court failed to recognize that petitioner's case differed from that of <u>Russell</u>, in that <u>Russell</u> was asking that his term of Mandatory Supervised Release be vacated. Petitioner was not asking that his term of mandatory supervised release be vacated or stricken from his sentence, only that the term of MSR be made inclusive of his sentence so that petitioners negotiated plea did not exceed the 45 year sentence agreed upon. Petitioner was and is well aware that the court does not have the authority to strike the mandatory supervised release term.

Unlike in <u>Russell,</u> the court failed to recognize that the record for petitioner can and does show

**Footnote**: Transcripts of Post Convection hearing [Exhibit F]

Transcripts of Post Conviction Dismissal [Exhibit G]

that several plea conferences had indeed taken place in an effort to secure a plea agreement. Over a

period of several months, petitioner had negotiated a plea bargain from a possible death penalty, to 80

years, to 60 years, to 50 years and finally to 45 years. It is clear that had petitioner known of the 3 year

Mandatory Supervised Release term, when attached to his 45 year sentence, it in essence increases

petitioner's sentence to 48 years; petitioner would not have plead guilty to an increased sentence,

considering petitioner negotiated with the court for less.

Petitioner contends that the modifying of his sentence does not relinquish him or reduce his

commitment to the Illinois Department of Corrections. Petitioner will continue to remain in the custody

of the IDOC, while serving the MSR term. Section 3-14-2 (a) of the Unified Code (730 ILCS 5/3-14-2

(a) (West 2000) states:

> **The Department [of Corrections] shall retain custody of all persons placed on parole or mandatory supervised release...**

The Circuit Courts failure to recognize the requirement of Ill. S. Ct. R. 402, and the Due Process

Rights of petition in that all defendant's must be fully informed of the consequences of a guilty plea and

the rights they are relinquishing by pleading guilty, including the minimum and maximum sentence

prescribed by law. A maximum sentence includes elements such as a period of Mandatory Supervised

Release. The failure to give the [proper] admonishments is obvious. Substantial rights are affected

when a defendant agrees to a specific sentence of 45 years, but actually, receives a penalty involving 48

years. Petitioner has already begun performing his side of the bargain. Due Process and fundamental

fairness demands that the court adhere to the agreement it made with Petitioner and modify his sentence

so that it more accurately reflects that of which was agreed upon.

(B) **Ground Two:** When a "benefit of the bargain" claim is made, with regard to a guilty plea, a court may need to consider the extent to which the plea was validly entered in order to decide whether due process requires (a) that there be specific performance of the plea bargain, or (b) that the defendant be given the option to go to trial on the original charges; one alternative may do justice in one case, and the other in a different case.

The opinion of the Appellate Court was in error in that it failed to review the whole record.

Petitioner did not enter a "blind" or "open" plea. From the very first conference, on June 20, 1990,

petitioner's attorney, George C. Howard, requested a conference with the Court and Counsel

[Prosecutor]. It was presented to the court that petitioner was seeking a sentence to which he would

agree to in exchange for his plea of guilty. The court stated to petitioner:

> **First of all I want you to know the purpose of a conference is to try to receive an agreement as to a sentence that you would accept. Do you understand that? [See Exhibit A]**

No agreement was had and on April 24, 1991, another 402 conference was called for. Once again the

court explained the purpose of a conference.

> **Mr. Robinson, your lawyer believes there is a possibility of settling your case without a trial. In other words, in exchange for a plea of guilty to some charge or charges you would receive a sentence that you would agree to. Do you understand that? [See Exhibit B]**

On June 13, 1991, after returning from a second conference of that day, petitioner's attorney

began the proceedings with:

> **The matter has been re-conferenced, and based on the Court's offer of forty-five years... Mr. Robinson is seeking to enter a plea of guilty. [See Exhibit C]**

Based upon the record as a whole it can not be said that petitioner was entering a "blind" or "open" plea.

In a dissenting opinion of a recently decided case, October 26, 2007, of the Illinois Appellate

Court, Third District, People v Meza, N.E. 2d, 2007, WL3171762, Justice McDade stated:

> **The trial judge, the prosecutor and defense counsel [all] lead defendant to be believe that this "402 Conference" was a legitimate plea negotiation proceeding. I would find that, in light of the trial judge's "offer" of a 15 year prison sentence following what can only be described as negotiations with the judge himself, defendant was not, in fact entering a blind plea but a negotiated plea...**

Petitioner had a reasonable belief that the trial judge was the ultimate authority within the court room.

So when petitioner was told by the defense counsel, Elly Sophier:

> **The judge is offering you 45 years today and today only.**

Petitioner had a reasonable belief that the offer would stand. Petitioner accepted the offer and the terms

of the agreement were stated in open court by defense counselor. The existence of an agreement was

acknowledged by defense counsels announcement in open court and the States and the Courts non

disputation of the announcement. Furthermore, the court went on to sentence petitioner to the fore-

mentioned amount of 45 years, stating:

> **Pursuant to the conference, I sentence you to forty-five years... [See Exhibit C]**

Petitioner succeeded in reaching an agreement with the court as evidenced by petitioner's new found

willingness to plead guilty.

In Justice McDade's decent, he states:

> **The trial Judge was the procuring cause of defendant's guilty plea. By acting in that role, the court violated Rule 402. Rule 402 (d) (1) prohibits the trial judge from initiating plea discussions. Although the parties went to the court and requested the conference, I would define "initiating plea discussions" as action which results in procuring a plea. The court's extension of an offer was clearly the procuring cause of defendant's plea as evidence by defendant's...**

And in the case of petitioner,

> **...refusal to plead guilty until the court made its offer. More importantly, by becoming the procuring cause of a plea of guilty, the court abdicated it's constitutionally defined role as neutral arbiter of the law.**

Because trial Judge, by initiating discussions with an offer of a specific sentence of 45 years to

petitioner and without informing petitioner of the mandatory supervised release to be served at the end

of his sentence in exchange for petitioner's plea of guilty, violates Illinois Supreme Court Rule 402 (d)

(1) and petitioners Due Process Rights under the U.S. Constitution Amendment XIV, section 1. The

Appellate Court failed to recognize that the trial court had stepped beyond its bounds. Petitioner should

be given the benefit of the bargain.

(C) **Ground Three:** Whether trial Judge, by not following Illinois Supreme Court Rule 402(d) (2), in determining a factual basis and voluntariness of petitioner's guilty plea, where petitioner has asserted that he was unaware of a Mandatory Supervised Release term and had petitioner know of the additional term, petitioner would not have plead guilty, violated and petitioner's Right to Due Process.

As the State has also argued, petitioner agreed to plead guilty in exchange for the state to drop

certain charges. The State cites, <u>People v. Lumzy, 191 ILL.2d 182, 185, 730 N.E.2d 20, 21-22 (2000),</u>:

**There are at least four distinct plea scenarios which can occur when a defendant decides to enter a plea of guilty.**

Petitioners has concern with only two (2) of these scenarios. The first is a "blind" or "open" plea. The second is a situation when the parties negotiate the charges but make no agreement on defendant's sentence. The Appellate Court failed to recognize that petitioner only gave one plea of guilty, but the State has described two different plea scenarios, to which it claims petitioner plead guilty to.

As to the first scenario, petitioner would explain a "blind" or "open" plea as being one of throwing himself "on the mercy of the court". Where in fact, petitioner would have left himself "open" to what ever the judge handed down, where applicable by law. This was not the case with Petitioner. As to the second scenario. The State has laid claim that this scenario also applies to petitioner. Petitioner views this scenario just as it is described to be. But the States claim lays in fault in two ways. (1) If petitioner did agree to plead guilty in exchange for the State to drop certain charges, it was to no benefit of petitioner, considering the State was still recommending the death penalty. (2) The record contains no evidence which affirmatively shows that petitioner knew of an agreement between himself, and the State.

Nothing was stated in open court as to an agreement of the State dropping certain charges and petitioner agreeing to plead guilty. Illinois Supreme Court Rule 402 was created for the purpose of guaranting the Due Process rights protected by the United States Constitution.

Wherefore, the petitioner prays that this court will grant petitioner's habeas corpus petition and make inclusive petitioner's Mandatory Supervised Release term so that petitioner's sentence does not exceed the specific sentence of 45 years that petitioner was told he would receive for his guilty plea.

2. Have all ground raised in this petition been presented to the highest court having jurisdiction?

YES (**x**) NO ( )

3. If you answered "NO" to question (2), state <u>briefly</u> what grounds were not so presented and why not:

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following states of the judgment attached herein:

    (A)  At preliminary hearing:  Public Defender, name unknown

    (B)  At arraignment and plea:  George C. Howard, 6807 S. Chappel, Chicago, Il 60649

    (C)  At trial:  N/A

    (D)  At sentencing:  Elly Sophier

    (E)  On appeal:  No direct appeal taken

    (F)  In any post-conviction proceeding:  Ira S. Shaffey, Public Defender's Office, Skokie, and Il

    (G)  Other (state):  Appeal of Post-Conviction, Suzan-Amanda Ingram, Asst. State Appl Defender

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (**x**)

Name and location of the court which imposed the sentence:  N/A

Date and length of sentence to be served in the future?  N/A

      WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be

entitled in this proceeding.

Signed on: _____       _____
              Date                  Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

Signature of Petitioner

B14913
I.D. Number

2600 N. Brinton Ave., Dixon, IL 61021
Address                3/11/08

APPENDIX

# TABLE OF CONTENTS

A.
1-4    Transcripts of June 20, 1990

B.
1-5    Transcripts of April 24, 1991

C.
1-11   Transcripts of June 13, 1991
       Change of Pleas and Sentencing Hearing

D.
1      Sentence and Commitment Orders

E.
1-4    Docket Sheet

F.
1-12   Transcripts of Post-Conviction Hearing

G.
1-12   Transcripts of Post-Conviction Hearing

H.
1-7    Appellate Court Order

I.
1      Denial of Leave to Illinois Supreme Court

A

*June 20, 1990*

STATE OF ILLINOIS    )
                     )   SS.
COUNTY OF C O O K    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     COUNTY DEPARTMENT - CRIMINAL DIVISION


THE PEOPLE OF THE        )
STATE OF ILLINOIS        )  Case No. 89 CR 7299
     vs.                 )
                         )
CORY ROBINSON            )

                ***REPORT OF PROCEEDINGS***

            BE IT REMEMBERED that the

above-entitled cause came on for hearing before

the Honorable FRANCIS MAHON, Judge of said Court,

on the 20th day of June, A.D., 1990.


        APPEARANCES:
             MR. JACK O'MALLEY,
               State's Attorney of Cook County, by:
             MR. KEVIN MOORE,
               Assistant State's Attorney,
                 on behalf of the People:



             MR. GEORGE C. HOWARD,
               Attorney-at-Law,
                 on behalf of the Defendant.


Linnea Kelly
Official Court Reporter   CSR No. 084-001543
5600 Old Orchard Road
Skokie, IL  60077

1          THE CLERK:  Cory Robinson.

2          MR. HOWARD:  For the record my name is

3    George C. Howard representing the defendant, Cory

4    Robinson, who is before the Court.  I would like

5    to have a conference, your Honor, with the Court

6    and Counsel in this matter.

7          THE COURT:  Mr. Robinson, do you understand

8    what Mr. Howard said?

9          THE DEFENDANT:  Yes, I do.

10         THE COURT:  I'm going to ask you some

11   questions.  I want you to answer yes or no.  If

12   you do not understand any question or any part of

13   it, if you indicate that to me I'll try to

14   explain it to you.

15                    You're charged with murder and

16   other things.  You understand what those are?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  First of all I want you to know

19   the purpose of a conference is to try to receive

20   an agreement as to a sentence that you would

21   accept.  You understand that?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  You always have a right to

24   trial.  No one's going to force you to do

2

1   anything.  You also understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  In order for me to engage in a

4   conference it's necessary that I learn the facts,

5   the evidence.  I know nothing about your case at

6   the present time except the charges.  Once I

7   learn those details you cannot ask for another

8   judge.  Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  You want us to have a conference

11   to try to settle your case?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:   Thank you.  We'll do that.

14         ( Whereupon, the case was passed and there

15   were no further proceedings reported in the

16   above-entitled cause on this date.)

17

18

19

20

21

22

23

24

```
1

2     STATE OF ILLINOIS    )
                           )     SS.
3     COUNTY OF C O O K    )

4

5

6                    I, LINNEA KELLY, Official Court

7     Reporter of the Circuit Court of Cook County,

8     County Department-Criminal Division, do hereby

9     certify that I reported the proceedings had in

10    the above-entitled cause, that I thereafter

11    proceeded to transcribe the foregoing transcript,

12    which I hereby certify is a true and correct

13    Report of Proceedings.

14

15

16

17

18    _____

19                    LINNEA KELLY, Official
20                    Court Reporter of the
                      Circuit Court of Cook
21                    County, County Department
                      CSR No. 084-001543
22    Dated this 11th day of August , 2003.

23

24
```

4

B

*April 24, 1991*

```
STATE OF ILLINOIS      )
                       )   SS.
COUNTY OF C O O K      )
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

```
THE PEOPLE OF THE      )
STATE OF ILLINOIS      )   Case No. 89 CR 7299
                       )
     versus            )
                       )
CORY ROBINSON          )
```

***REPORT OF PROCEEDINGS***

BE IT REMEMBERED that the above-entitled

cause came on for hearing before the Honorable

FRANCIS MAHON, Judge of said Court, the 24th day of

April, A.D., 1991, Courtroom Q.

APPEARANCES:
        HON. JACK O'MALLEY,
           State's Attorney of Cook County, by:
        MR. EDWARD HANSEN,
           Assistant State's Attorney,
              on behalf of the People:

        MS. RITA A. FRY,
           Public Defender of Cook County, by:
        MR. ELLY SOPHIER,
           Assistant Public Defender,
              on behalf of the Defendant.

Elaine Vivirito, C.S.R. No. 084-000469
Official Court Reporter
5600 Old Orchard Road, Room 204
Skokie, IL  60077

1          THE CLERK:  Cory Robinson.

2          MR. SOPHIER:  Your Honor, Cory Robinson is

3     present before the Court on 89 7299.  Your Honor,

4     as the State on the last date, we're requesting a

5     pretrial conference today.

6          THE COURT:  Mr. Robinson, your lawyer believes

7     there is a possibility of settling your case

8     without an trial.  In other words, in exchange for

9     a plea of guilty to some charge or charges you

10    would receive a sentence that you would agree to.

11    Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  He's already been admonished.

14         MR. SOPHIER:  I believe so, Judge.

15         THE COURT:  You're charged with murder for

16    which you could receive a minimum of twenty and --

17    Sixty is it now?

18         MR. HANSEN:  No, Judge.  This is a potential

19    death case.

20         THE COURT:  Potential death case.  Okay.  And

21    I'm going to re-admonish you.

22              You also have a right to a trial as you

23    know.  Nobody is going to force you to do

24    anything.  Do you understand that?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  Now, in order for me to engage in

3    a conference, perhaps I have already done it, but I

4    don't recall what the facts were, but once I

5    refresh my memory on those facts, you can not ask

6    for another Judge.  Do you also understand that?

7       THE DEFENDANT:  Yes, sir.

8       THE COURT:  Do you want us to have a

9    conference and try to settle your case?

10           You always have a right to trial.  No one

11    is going to force you to do anything.  Do you

12    understand that?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  And I mean it.

15           Okay.  We'll pass it and we'll see what

16    we can do.

17               (The above-entitled cause was passed

18                 and later recalled.)

19       THE CLERK:  Cory Robinson.

20       THE COURT:  What date do you want?

21       MR. SOPHIER:  If it's next week, maybe May 1

22    or next Wednesday.

23       THE COURT:  May 1.  Fine.

24       MR. SOPHIER:  Your Honor, Cory Robinson is

3

1    again present before the Court and we'd be

2    requesting a one week status date.

3         THE COURT:  Conference resumed.  Continued by

4    agreement to 5-1.

5         MR. SOPHIER:  Thank you, Judge.

6         THE COURT:  There will be no more

7    conferences.  After that date it will be set for

8    trial.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4

STATE OF ILLINOIS    )

                  )   SS.

COUNTY OF C O O K   )


        I, ELAINE VIVIRITO, CSR 84-469,
Official Court Reporter of the Circuit Court of
Cook County, County Department-Criminal Division,
do hereby certify that I reported the proceedings
had in the above-entitled cause, that I thereafter
proceeded to transcribe the foregoing transcript,
which I hereby certify is a true and correct Report
of Proceedings.


                         _____

                         ELAINE VIVIRITO,

                         Official Court Reporter


Dated this 14th  day
of   August,  2003.

c

June 13, 1991

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
      COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE          )
STATE OF ILLINOIS,         )
                           )
         Plaintiff,        )
                           ) Case No. 89CR-7299
    VS                     ) Courtroom Q - Skokie
                           )
COREY ROBINSON,            )
                           )
         Defendant.        )


        REPORT OF PROCEEDINGS of the hearing
before the Honorable FRANCIS MAHON, Judge of said
Court, on June 13, 1991.

        APPEARANCES:

           HON. JACK O'MALLEY,
             State's Attorney of Cook County, by:
           MR. EDWARD HANSEN,
             Assistant State's Attorney,
             for the People of the State of Illinois;

           MR. RANDOLPH STONE,
             Public Defender of Cook County, by:
           MR. ELLY SOPHIER & MR. DONALD ZUELKE,
             Assistant Public Defenders,
             for the Defendant.


Marcie Leone, CSR #084-001348
Official Court Reporter
5600 Old Orchard Rd. Rm. 204
Skokie, Illinois 60077

1        THE CLERK:  People of the State of Illinois

2    versus Corey Robinson.

3        MR. SOPHIER:  Corey Robinson is present

4    before the Court on 89-7299 represented by the

5    Officer of the Public Defender through Assistant

6    Public Defenders Elly Sophier and Don Zuelke, who

7    are present in court.

8            The matter has been re-conferenced, and

9    based upon the Court's offer of forty-five years

10   in the Department of Corrections, Mr. Robinson is

11   seeking to enter a plea of guilty.

12       THE COURT:  Now, Mr. Robinson, for murder

13   you could receive a minimum of twenty and a

14   maximum of sixty years in the penitentiary.  Do

15   you understand that?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  For attempted murder you could

18   receive a minimum of six and a maximum of thirty

19   years in the penitentiary.  Do you understand

20   that?

21       THE DEFENDANT:  Yes.

22       THE COURT:  And the residential burglary is

23   a Class 1 felony for which you could receive a

24   minimum of four and a maximum of fifteen years in

2

1    the penitentiary.  Do you understand that?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  By pleading guilty you're giving

4    up your right to remain silent and require the

5    State to prove you guilty beyond a reasonable

6    doubt.  Do you also understand that?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  By pleading guilty you're giving

9    up your right to any trial whatsoever.  And I

10   have in my hand a form which is entitled a jury

11   waiver.  It appears to bear your signature.  I

12   show it to you and ask if that's your signature.

13        THE DEFENDANT:  Yes.

14        THE COURT:  Do you know what a jury waiver

15   is?

16        THE DEFENDANT:  Yes.

17        THE COURT:  By pleading guilty you're giving

18   up your right to a trial, you're giving up your

19   right to cross examine any witnesses who would

20   testify against you, and you're giving up the

21   right to present any witnesses or any evidence in

22   your own behalf.  Do you also understand that?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  You are pleading guilty to these

1    charges after discussing it with your attorneys

2    and believing under the circumstances they gave

3    you good advice; is that right?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Has anybody threatened you with

6    any violence or has there been any actual

7    violence in any way exerted against you in order

8    to have you change your plea?

9         THE DEFENDANT:  No, sir.

10        THE COURT:  Let the record show sufficient

11   facts were disclosed during the course of several

12   conferences.  There will be findings of guilty

13   and judgment entered on the findings.

14             Let the record further show that

15   there's a pre-sentence report obtained sometime

16   during your incarceration, and there has been

17   amendments to it as of this date.

18             Pursuant to the conference, then, the

19   Court hereby sentences you to --

20        MR. HANSEN:  Just briefly for the record as

21   far as aggravation, Your Honor, as the Court has

22   stated, there were numerous conferences and the

23   Court is aware of what the evidence would show in

24   this case, which was in fact that he went to 3024

4

1    North Halsted because he was angry with his

2    girlfriend Tanya Smith.  And in fact at that time

3    he cut Tanya Smith's throat.

4            Fortunately she survived, but we

5    believe the evidence would in fact show, as we

6    told the Court, that at that time Mr. Robinson

7    believed that he in fact had killed his

8    girlfriend Tanya Smith, and he then went in the

9    other room and stabbed to death Stacy Sanders.

10   He stabbed her approximately twenty times,

11   causing her death.

12           And it has been our position at the

13   conferences and it remains our position that we

14   believe that under the facts and evidence of this

15   case, that the defendant would be eligible under

16   the statute of this state for the death penalty.

17   And in fact it has been our position that under

18   the circumstances and evidence of this case, that

19   that would be our recommendation and was our

20   recommendation at the conference.

21       THE COURT:  Now I want you to tell me all

22   the things in mitigation.

23       MR. SOPHIER:  Judge, Corey Robinson is a

24   young man who had been under a great deal of

1   stress at the time this occurrence happened.

2   He's a young man who has two years of college.

3          He had a relationship at various times

4   with both Tanya Smith, who's one of the victims

5   in this case, as well as another woman.  He was

6   the father of a young child, Judge, and as I have

7   made the Court aware in the conferences, he had a

8   wonderful relationship with the child.

9          What happened here is an incredible

10  tragedy, Your Honor.  Mr. Robinson was told that

11  he would lose all contact with his child.  This

12  is a child who, numerous people have told me,

13  Mr. Robinson had spent all his free time, all his

14  money -- he was employed -- on this child.  It

15  was a child who was literally the light of his

16  life.  He was in a position, because of what Ms.

17  Smith had done in contacting the mother of his

18  child, that he was about to lose all that.

19         When Mr. Robinson went to this house,

20  Judge, I don't believe for a moment that

21  Mr. Robinson went to that house with this in

22  mind.  But he was under a tremendous amount of

23  emotional stress because he believed he was about

24  to lose the one thing that he held most dear in

1    the world, his young son.  And when he arrived at
2    the house and tried to straighten this out with
3    Ms. Smith and that wasn't going to happen, I
4    believe, Judge, that all of the emotional strain,
5    all of this just boiled over.

6              Judge, I have spoken with Ms. Smith,
7    who is one of the complainants here who was
8    injured very badly in this case.  She has told me
9    she doesn't want to see anything bad happen to
10   Corey.  She has told me that in the time that she
11   spent with Corey, she knew him as a person who
12   had nothing but a good heart, never did a bad
13   thing to her, never mistreated her, and that she
14   still loved him and cared for him.  In her words,
15   this is a person worth saving.

16             And Judge, I have come to know Corey
17   Robinson over the period of time that I have been
18   involved with the case.  And Judge, from
19   everything and everyone that I have talked to who
20   knows Corey Robinson, who is related to him, who
21   has had contact with him, including personnel at
22   the jail who have stopped me during visits to
23   Corey and volunteered to come in and say a good
24   word for Corey to me, I think this is a person

7

1    that's worth saving here.

2              I would ask the Court to take all this

3    into account and ratify Your Honor's offer and

4    sentence as you said you would.

5        THE COURT:  Let the record further show that

6    the pre-sentence investigation report indicates

7    that except for some arrests for misdemeanors,

8    this is the only case, the only record.

9        MR. HANSEN:  That isn't quite correct.

10       THE COURT:  What is it?  That's all I have.

11       MR. HANSEN:  The pre-sentence investigation

12   shows that down in Urbana, Illinois, Judge, the

13   defendant was convicted of forgery.

14       MR. SOPHIER:  Something about a check in

15   Champaign when he was in school.

16       THE COURT:  All right.

17       MR. HANSEN:  Also, he was convicted of a

18   misdemeanor battery in '85 and sentenced to

19   twelve months probation and a $100 fine.

20       THE COURT:  I said misdemeanors.

21       MR. HANSEN:  That's true, but he does have a

22   prior felony conviction also.

23       THE COURT:  Anyhow, he has very little

24   record.  And I have thought about this case for

8

1    over a period of six months, and I think that

2    it's an adequate sentence.

3            Pursuant to the conference, I sentence

4    you to forty-five years for the murder, I

5    sentence you to thirty years on the attempt

6    murder, and on the residential burglary I

7    sentence you to ten years, all to run concurrent,

8    which means at the same time.

9            You have a right to appeal.  In the

10   event you wish to appeal, you must file a motion

11   within thirty days from today's date asking that

12   everything that happened today be vacated and set

13   aside.  And if the Court allows the motion, you

14   would go to trial on the charges as originally

15   alleged against you in the information or

16   indictment.  Do you understand that?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  You also would have to file a

19   notice of appeal with the Clerk of the Court

20   within thirty days.

21            If you could not afford an attorney,

22   one would be appointed to you free of charge.

23   You would also be given a copy of the transcript

24   of any proceedings necessary to perfect your

```
 1   appeal.

 2              Do you understand all that?

 3        THE DEFENDANT:  Yes, sir.

 4        THE COURT:  Any reason to stay the mitt?

 5        MR. SOPHIER:  Could he have a two-week

 6   stay?

 7        THE COURT:  6-24.  Mitt to issue 6-24.

 8        MR. SOPHIER:  I would ask that the mittimus

 9   reflect that Mr. Robinson be given credit for the

10   time he's been in custody from the date of his

11   arrest.  That date was March 13, 1989, I believe,

12   Judge.

13        THE COURT:  Okay.  That will be the order.

14

15

16

17

18

19

20

21

22

23

24
```

STATE OF ILLINOIS )
                 ) SS.
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE       )
STATE OF ILLINOIS       )
                        )
     VS                 )
                        )
COREY ROBINSON          )

I, Marcie Leone, Official Court
Reporter for the Circuit Court of Cook County,
Cook Judicial Circuit of Illinois, do hereby
certify that I reported in shorthand the
proceedings had in the above-entitled cause; that
I thereafter caused the foregoing to be
transcribed into typewriting, which I hereby
certify to be a true and accurate transcript of
the proceedings had before the Honorable FRANCIS
MAHON, Judge of said Court.

_____

Marcie Leone, CSR# 084-001348

Dated this 26th day
of November, 2002.

11

D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

1514923

DEPARTMENT

| (County) | (Municipal) | (Division) | (District) |

People of the State of Illinois

v.

Defendant

CORY ROBINSON

No. 89 c R - 7299

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant ____ CORY ROBINSON ____
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

6-13-91   JUDGMENT   ENTERED   ON   THE

FINDING   OF   GUILTY

DEFT   SENT   TO   45 YRS   IDOC   FOR   MURDER

30 YRS (ATT MURDER) & 10 YRS RES BURG ALL CONCURR

CREDIT   FOR   TIME   SERVED

MIT   TO   ISSUE   ON   6-24-91

CREDIT   FROM   3-13-89   TO   6-13-91

Ill. Rev. Stat.

| | | | Ill. Rev. Stat. | | |
|---|---|---|---|---|---|
| Offense | MURDER | Ch. 38 | Sec. 9-1 | Par. A(1) |
| Offense | ATT (MURDER) | Ch. 38 / 38-8-4 | Sec. 9 | Par. 1 |
| Offense | RES BURG | Ch. 38 | Sec. 19 | Par. 3 |
| Offense | | Ch. | Sec. | Par. |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

PREPARED BY: _____
Deputy Clerk

DATED: 6-13-91   BRANCH CT. SKOKIE

ENTER _____ CODE #
Judge

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information.

Name and address of counsel for defendant _____

Police Individual Record No. ____ C 38276 ____   Illinois Bureau Identification No. _____

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

E

PEOPLE OF THE STATE OF ILLINOIS VS.

Cary D. Robinson

CASE NO.

89CR 7299

| DATE | | PAPERS FILED |
|------|--|--------------|

Exhibit "A"

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 1 2 1989 | | Arr 4/12 |
| | JUDGE T. R. FITZGERALD | |
| 3-12-1489 | | Attorney Dickinson files Appearance. |
| | | P. P. Deft. Arraigned. waives formal |
| | | reading of charges, enters Plea of |
| | | Not Guilty. OTC Transfer to Judge |
| | | Mahon 04-21-8-9 |
| | | State Motion for Pre-Trial Disc. Filed. |
| 21-89 | Mahon | PP Deft in Cust B/A 5-15-89 X |
| 15/89 | Mahon | PP Deft in Cust B/A 7-10-89 X atty/y P |
| 10/89 | Mahon | PP Deft in Cust State/PP Ans to disc B/A 9-18-89 X |
| 18/89 | Mahon | PP deft in Cust B/A 10-30-89 X |
| 30-89 | MAHON | PP (C) BCX ordered B/A 12-4-89 |
| 4/89 | Mahon | PP C. Ctty P M/D 12-12-89 |
| 12/89 | Mahon | PP Cust B/A 12-27-89 X |

(OVER)

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| -27-89 | MAHON | A. (X) B/A 2-8-90 (.) JURY |
| -8-90 | MAHON | PP Cust B/A 2-20-90 |
| 20-90 | MAHON | PP (J) B/A 3-12-90 |
| 12-90 | MAHON | PP cust B/A 4-16-90 |
| -16-90 | MAHON | PP Dis Cust. HID 4-17-90 |
| 7-90 | Mahon | PP cust deft ans to motion for Prelix Disc B/A 5-18-90 W/[?] teh |
| 15-90 | Maho | PP cust B/A 5-16-80 atty m/g |
| -16-90 | Maho | PP cust B/A 6-20-90 for trial |
| 70-90 | Mahon | PP cust PTI tender & fld deft adner B/A 7-10-90 x Conf Cnt. |
| 10-90 | MAHON | PP (J) B/A 8-15-90, P.T. |
| 5-90 | MAHON | PP CUST B/A 8-27-90 |
| 7-90 | MAHON | PP CUST M/A 8-28-90 STR |
| 8-90 | MAHON | PP CUST B/A 8-31-90 ATTY NOT PRES |
| 1-90 | MAHON | PP CUST ATTY NOT PRESENT B/A 9-20-9( |
| 0-90 | MAHON | PP CUST B/A 10-18-90 CONF C & C |
| 18-90 | MAHON | PP CUST B/A 11-14-90 |
| 14-90 | MAHON | PP CUST B/A 12-7-90 |

CITY OF CHICAGO vs.
CORY ROBINSON

CASE NO. 89 CR - 7299

| DATE | PAPERS FILED |
|------|--------------|
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |
|      |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| -7-90 | MAHON | PP CUST  $^{H}/_{A}$ 12-12-90 x |
| 12-90 | MAHON | PP CUST  ATTY  HOWARD  $^{W}/_{A}$  PD  EELY SOPHIER  IS  APPT.  $^{B}/_{A}$ 12-17-90, |
| 7-90 | MAHON | PP CUST  $^{B}/_{A}$ 1-3-91 x |
| -91 | MAHON | PP CUST  $^{B}/_{A}$ 2-4-91, |
| t-91 | MAHON | PP CUST  BCX ORD.  $^{B}/_{A}$ 3-8-91 x |
| 7-91 | MAHON | PP CUST  $^{B}/_{A}$ 4-5-91 x |
| 5-91 | MAHON | PP CUST  $^{B}/_{A}$ 4-24-91 |
| -91 | MAHON | PP CUST  DEFT  ADMONISHED  $^{B}/_{A}$ 5-1-91 x |
| -91 | MAHON | PP CUST  $^{H}/_{A}$ 5-21-91 Ⓦ  NOT  Δ  to  file  MOTIONS  $^{W}/_{I}$'  10  DAYS |
| -91 | MAHON | PP CUST  $^{B}/_{A}$ 6-12-91 |

(OVER)

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| -13-91 | MAHON | PP CUST PNG IS W/O - DEFT ENTERS plea of guilty JURY WAIVED DEFT GUILTY OF MURDER, ATT MURDER, & RES BURG AS charged ALL OTHER COUNTS m/s NOLLE PROSEQUI DEFT SENT TO 45 YRS FOR MURD 30 YRS ON ATT MURDER & 10 YRS ON RES BURG ALL CONCURRENT APPEAL RTS. GIVEN |
| 1-91 | MAHON | DNP B/A 9-26-91 Δ to be WRIT in |
| 26-91 | MAHON | DNP O/C 10-22-91 Δ to be WRIT in |
| 22-91 | MAHON | off call |
| 15-92 | MAHON | MOTION FOR TRANSCRIPTS DENIED |
| 1-93 | MAHON | O/NP IN CUST. 7/A 6-8-93 |
| -93 | MAHON | O/NP IN CUST. 9/C PET FOR TRANSCRIPT & COMMON LAW RECORD IS DENIED. -OFF CALL- |
| 7-93 / 7-24-93 | MAHON | O/NP IN CUST. MOT. TO VACATE JUDGMENT IS DENIED. |

F

```
STATE OF ILLINOIS  )
                   )  SS.
COUNTY OF C O O K  )
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

```
THE PEOPLE OF THE            )
STATE OF ILLINOIS            )   NO. 89 CR 7299
                             )
     VS                      )
                             )
CORY ROBINSON                )
```

REPORT OF PROCEEDINGS had at the
hearing of the above-entitled cause before the
Honorable EDDIE A. STEPHENS, Judge of said Court,
on Friday, the 8th day of April, 2005, in
Courtroom 208, 5600 Old Orchard Road, Skokie,
Illinois, 60077.


PRESENT:

        HON. RICHARD A. DEVINE,
            State's Attorney of Cook County, by
        MS. MEGAN MEENAN,
            Assistant State's Attorney,
            appeared for the People;

        MR. EDWIN A. BURNETTE,
            Public Defender of Cook County, by
        MR. IRA S. SHEFFEY,
            Assistant Public Defender,
            appeared for Petitioner-Defendant.


Reported by:
Ms. Marjean Ninemire
Official Court Reporter, #084-000922
Circuit Court of Cook County

```
1    CASE:           PEOPLE VS. CORY ROBINSON
     NO.             89 CR 7299
2    DATE:           FRIDAY, 4-8-05
     REPORTER:       MARJEAN NINEMIRE
3    PAGES:          H-1 through H-11

4
                     I    N    D    E    X
5

6
                     POST CONVICTION
7
              ARGUMENT                    H-3
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
                                    2
```

1              THE CLERK:  Cory Robinson.

2              MR. SHEFFEY:  Robinson.

3              THE COURT:  Good morning, Mr. Sheffey.

4              MR. SHEFFEY:  Good morning, your Honor.  Ira

5       Sheffey, S-h-e-f-f-e-y, Assistant Public Defender

6       on behalf of Mr. Robinson.

7              THE COURT:  Miss Meenan, you are here on

8       this case also?

9              MS. MEENAN:  Yes.

10             THE COURT:  This is the case of Mr. Cory

11      Robinson.

12             MR. SHEFFEY:  Firstly, I would like to file

13      my 651-C petition -- certificate with the Court.

14      I have already file-stamped it.

15             THE COURT:  That will be granted.

16             MR. SHEFFEY:  And I have given a copy to the

17      State.

18             MS. MEENAN:  Yes, Judge.

19             THE COURT:  Bear with me one second.

20                              (Brief pause.)

21             THE COURT:  All right.

22             MR. SHEFFEY:  Also, I would like to file my

23      memorandum in support of Petition for Corrective

24      Mittimus/Motion for Nunc Pro Tunc Order --

                              3

1          THE COURT:  All right.

2          MR. SHEFFEY:  -- with the Court.

3          THE COURT:  Leave to file will be granted.

4          MR. SHEFFEY:  Thank you.  I have already

5     given a copy to the State.

6          THE COURT:  All right.

7          MS. MEENAN:  Your Honor, today the State

8     filed its Motion to Dismiss on this case, which

9     we have previously faxed over to defense counsel

10    and also given the Court a copy.

11         MR. SHEFFEY:  That is correct, Judge.  I

12    have received a copy of that.

13         THE COURT:  Bear with me one second.

14                    (Brief pause.)

15         THE COURT:  There is basically one issue

16    here?

17         MR. SHEFFEY:  Yes, Judge.

18         THE COURT:  Is that correct, folks?

19         MR. SHEFFEY:  That's right.

20         MS. MEENAN:  Yes.

21         MR. SHEFFEY:  Your Honor, I would like to

22    also make the Court aware that in the appendix of

23    my memorandum is included the original Petition

24    for Corrective Mittimus.

1     Also, Mr. Robinson has signed an

2 affidavit stamped February the 18th, 2005, where

3 he states the issue.

4     And also, Mr. Robinson recently

5 mailed me the -- a rundown of what he believes

6 the law is in this area.  And I promised him I

7 would include it in the appendix of my

8 memorandum, and I have done so.

9  THE COURT:  Okay.

10  MR. SHEFFEY:  I think he has done a fine

11 job.  There may be a few typos.  But he has done

12 a fine job.

13  THE COURT:  All right.  Basically what your

14 client is asking for is the following:  It is his

15 contention that upon a plea he was not advised of

16 the mandatory supervised release period that was

17 required and that is mandatory by statute.

18     And because he was not advised of

19 that, he does not want to withdraw his plea of

20 guilty, but instead he wants to negotiate with

21 the Court to say that instead of withdrawing his

22 plea of guilty, what he wants is rather than the

23 time that was given to him as a sentence -- he

24 wants 29 years in prison?

1          MR. SHEFFEY: Yes.

2          THE COURT: Is that correct?

3          MR. SHEFFEY: I think he wants -- he was

4     sentenced to 45 years. And he -- he states that

5     MSR should not be included. But, in fact, if it

6     is included because it's a State -- it's mandated

7     by the State Legislature that, in fact, he should

8     serve no more than 45 years, which would break

9     down to 22 and a half years, which -- that would

10    break down -- and you subtract 3 years from the

11    22 and a half years, which would be the MSR he

12    would have to serve. And actually he would only

13    have to serve 19 and a half years in prison

14    followed by 3 years of MSR.

15                He also states that to do it any

16    other way would actually put him -- himself into

17    jeopardy, which he himself was not responsible

18    for.

19                He would be faced with either

20    having to withdraw his guilty plea and start the

21    whole process over -- the fact is that he is

22    death eligible. And he puts himself in a

23    position where if he was found guilty again, he

24    could be sentenced to death, which is obviously a

                              6

1    much steeper penalty than he is serving or facing

2    now.  Or he would have to just go on as things

3    are and, in fact, have to serve a greater penalty

4    than he bargained for.  In other words, he would

5    have to serve 45 years plus the 3 years of MSR.

6              He states -- he would like to point

7    out to the Court People v. Moore, where the

8    Court, in fact, allowed the defendant in that

9    case to serve only 28 years.  And I have cited

10   that in my memorandum of law.

11        THE COURT:  What district is that?

12        MR. SHEFFEY:  That's the 1st I believe,

13   Judge.

14        MS. MEENAN:  Yes, Judge.

15        THE COURT:  All right.

16        MR. SHEFFEY:  And in that case the defendant

17   was given a sentence of 28 years, and he wasn't

18   admonished as to MSR.  And the ultimate result of

19   that was he only had to serve 28 years.  He

20   wasn't forced to do any MSR.

21              And, in fact, Mr. Robinson believes

22   that that was a just resolution.  And he would

23   like your Honor to consider that resolution.

24        THE COURT:  All right.  Any further

                            7

1      argument?

2            MR. SHEFFEY:  No, your Honor.

3            THE COURT:  State?

4            MS. MEENAN:  Your Honor, again, the

5      Petitioner cites People v. Moore -- I don't have

6      the exact year, but I know it's an 1990's case

7      from the 1st District.

8            MR. SHEFFEY:  I do have a cite if you want

9      it.

10           MS. MEENAN:  People v. Russell,

11     R-u-s-s-e-l-l, is what our Motion to Dismiss

12     relies upon.  People v. Russell is from 2003.

13     It's a 1st District case.

14           THE COURT:  Excuse me.  Let me cut you off.

15     People v. Moore is what year?

16           MR. SHEFFEY:  It's '91.

17           THE COURT:  All right.

18           MS. MEENAN:  And Russell, 2003, the 1st

19     District held that, "Specifically we disagree

20     with Moore to the extent that it holds that a

21     Court has authority to strike only the portion of

22     a defendant's sentence that imposes a term for

23     mandatory supervised release."  And --

24           THE COURT:  Are you saying that Russell in

                              8

1       effect reversed Moore?

2               MS. MEENAN:  Yes, Judge.

3                       Also, the State did cite People v.

4       Benford, again this time a 2004 case from the 2nd

5       District.  In Benford that defendant was also

6       asking that without vacating his guilty plea that

7       a sentence be modified, kind of subtracting and

8       adding on as the Petitioner here is asking for.

9                       The Illinois Court in Benford

10      directly addressed this issue and has held that a

11      defendant who seeks to challenge a sentence that

12      was entered pursuant to a negotiated guilty plea

13      agreement first must move to withdraw the guilty

14      plea and vacate the judgment so the parties will

15      return to the status quo.

16                      The case law that we cited too is

17      relevant to this matter, your Honor.

18              THE COURT:  All right.  Any rebuttal?

19              MR. SHEFFEY:  Yes.  Now, Mr. Robinson is

20      aware of Benford and Russell, but states that

21      neither one of those cases overrules Moore.  And

22      we are asking your Honor to follow Moore.

23              THE COURT:  All right.  I am going to read

24      your submissions, take this case under advisement

                              9

1    until I have read those cases.  I have already

2    read the State's.  And I have just gotten the

3    Petitioner's submission here today.  And I will

4    give you my decision on the next court date.

5    When are you next here, folks?

6        MR. SHEFFEY:  Judge, as long as it might

7    take you to do it, I am sure we could come any

8    date.  The only day would be like May the 6th.

9        THE COURT:  Make it convenient for yourself,

10   if you are going to be here on another date.

11       MR. SHEFFEY:  How about April the 22nd?

12       MS. MEENAN:  I am not here that week.  Any

13   other Friday.

14       MR. SHEFFEY:  How about April the 29th?

15       THE COURT:  That's fine.  State, is that

16   okay with you?

17       MS. MEENAN:  Fine.

18       THE COURT:  There is a PC that's up.  I

19   think the defendant's response on Mr. Barnett is

20   up on that date.  I will give you that date for

21   Mr. Robinson and give you my decision.

22       MS. MEENAN:  Thank you.

23       MR. SHEFFEY:  Thank you.

24

                            10

1           (WHICH were the proceedings had

2               at the hearing of the above

3           entitled cause on the

4               aforesaid date.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STATE OF ILLINOIS  )
                   )  SS.
COUNTY OF C O O K  )

               I, MARJEAN NINEMIRE, Official Court

Reporter of the Circuit Court of Cook County,

County Department-Criminal Division, do hereby

certify that I reported in shorthand the

proceedings had at the hearing of the

above-entitled cause, that I thereafter

transcribed into typewriting the foregoing Report

of Proceedings and that said transcript is a true

and accurate record of the proceedings had before

the Honorable EDDIE A STEPHENS, Judge of said

Court, on the aforesaid date.


                          _____
                          Official Court Reporter
                          License No. 084-000922
                          Circuit Court of Cook County
                          8-17-05

                          12

G

1

STATE OF ILLINOIS    )

2                                ) SS

COUNTY OF C O O K    )

3

　　　IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

4          COUNTY DEPARTMENT - CRIMINAL DIVISION

　　　　　　　SECOND DISTRICT

5

THE PEOPLE OF THE        )

6  STATE OF ILLINOIS,       )

　　　　　Plaintiff,       )

7                            )

　　　vs.                    )    No. 89 CR 7299

8                            )

CORY ROBINSON,             )

9          Defendant.      )

10

　　　　　REPORT OF PROCEEDINGS had in the

11  above-entitled cause before the Honorable EDDIE

STEPHENS, Judge of said Court, the 29th day of

12  April, A.D., 2005.

13

　　　　APPEARANCES:

14

　　　　　HON. RICHARD DEVINE,

15          State's Attorney of Cook County, by:

　　　　　MS. MEGAN MEENAN,

16          Assistant State's Attorney,

　　　　　on behalf of the People:

17

18          MR. EDWIN A. BURNETTE,

　　　　　Public Defender of Cook County, by;

19          MR. IRA SHEFFEY,

　　　　　Assistant Public Defender,

20          on behalf of the Defendant.

21

22

23

SUSAN M. DOMINIC, CSR,

24  OFFICIAL COURT REPORTER

SKOKIE, ILLINOIS

1

1

2                          I N D E X

3

4        PEOPLE V. CORY ROBINSON, NO. 89 CR 7299

5

6    DATE:  4/29/05

7    PAGES: I1 through I13

8    STATE'S PETITION TO DISMISS GRANTED

9    MOTION TO RECONSIDER DENIED

10   NOTICE OF APPEAL SIGNED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2          THE CLERK: Cory Robinson

3          THE COURT: Good morning.

4          MR. SHEFFEY: Good morning.  For the record,

5     my name is Ira Sheffey, Assistant Public Defender

6     on behalf of Mr. Robinson.

7          THE COURT: All right.

8          MS. MEENAN: For the record, Assistant State's

9     Attorney Megan Meenan.

10         THE COURT:  This is here for the Court's

11    decision on the motion to dismiss.

12         MS. MEENAN:  Yes.

13         MR. SHEFFEY: Before proceeding, Mr. Robinson

14    faxed me further argument he would like me to make

15    before you or to you.

16         THE COURT: All right.

17         MR. SHEFFEY:  And I have taken the liberty to

18    file stamp it.

19         THE COURT:  Has this been presented to the

20    State?

21         MS. MEENAN: I did review it this morning.

22         MR. SHEFFEY: It's more or less a distillation

23    of other things that were presented.  I would like

24    to point out Mr. Robinson's wife is in court.

3

1        THE COURT:  All right.  Good morning, ma'am.

2        MR. SHEFFEY: If I could make a brief

3    argument?

4        THE COURT:   Sure, go ahead.

5        MR. SHEFFEY: I believe what I just handed to

6    you is a distillation of Mr. Robinson's case.

7    Initially we would like to point out that there

8    was the Rosla Case (phonetic) which the State has

9    cited that can be distinguished from his case in

10   that he is not asking his term of mandatory

11   supervised release be stricken, only that it be

12   incorporated into the rest of his sentence.

13        He cites that the Court does have

14   authority to do this, and he cited cases that I

15   have just handed --

16        THE COURT:   The case you previously cited?

17       MR. SHEFFEY: Yes.  And also specifically he

18   would like to say that when he agreed to do the

19   agreement reached in the 402 conference, he

20   believed that he was pleading guilty, the

21   representation to him made was 45 years was the

22   entire sentence, that since MSR was never

23   mentioned he believed when he pled guilty he was

24   pleading only to 45 years and he is fulfilling his

1    end of the bargain.

2              He asks the State and the judicial

3    system to fulfill their end of the bargain by, in

4    essence, incorporating the three years of MSR into

5    45 years, making 42-and-a-half of that being

6    19-and-a-half.

7              He believes he should only serve

8    19-and-a-half and 3 years of MSR and, in fact --

9    well, that's basically it.  He would like to note

10   US ex rel. Baker versus Finkbinder which is on

11   Page 3.

12       THE COURT: Yes.

13       MR. SHEFFEY:  Which is self-explanatory.

14       THE COURT:  Yes.

15       MR. SHEFFEY:  And based on that he is asking

16   Your Honor to find in his favor.

17       THE COURT:  Of course, Finkerbinder is a case

18   that's earlier than the cases of Moore or Miller

19   or McGinnis and there have been subsequent cases

20   presented with this identical issue, subsequent to

21   Finkbinder, is that correct?

22       MR. SHEFFEY: Yes, but Mr. Robinson believes

23   that new, subsequent case does not overrule

24   Finkbinder.

1          THE COURT:   State, anything you want to
2    say?
3          MS. MEENAN: No.
4          THE COURT:   Thank you very much. I have read
5    the submissions by each of you and, of course, I
6    have reviewed the argument that your client has
7    given to you to give to the Court today, much of
8    which is a restatement of what your argument, Mr.
9    Sheffey, already was.
10              Essentially what this all boils down to
11   is Mr. Robinson saying that he wants the benefit
12   of his bargain, that bargain was for 45 years
13   imprisonment in a negotiated plea, but that the
14   Court upon sentencing him did not advise him
15   consistent with the requirements of Supreme Court
16   Rule 402 and tell him in addition to these 45
17   years there is a mandatory supervised release
18   period of parole of 3 years.  He therefore
19   contends that his sentence should be modified.
20              Initially I believed that the mandatory
21   supervised release period be taken away, however,
22   he has clarified that saying that he doesn't want
23   it vacated, he instead wants it incorporated and
24   the entire sentence modified, so that if I

1    understand you correctly, he is no longer going to

2    be doing 45 years, he would be doing 42 years

3    because the other 3 years that have been given to

4    him would be the mandatory supervised release

5    period of time, instead of being on the end it

6    would be fold itself into the original sentence.

7              The defendant has contended in addition

8    to what he has presented today that pursuant to

9    People versus Moore, 214 Ill.App.3d, 938, a 1991

10   case from obviously Illinois which relied upon

11   People versus Miller, 107 Ill.App.3d, 1078, a 1982

12   case you can and the Federal case of US ex rel.

13   Miller versus McGinnis, 774 F.2d., 819, a 7th

14   circuit 1985 case, pursuant to those cases he

15   asked that this Court in his petition to modify

16   his term, I will put it that way, that the Court

17   grant such a modification based upon the

18   sentencing Court's failure to admonish him that

19   his 45-year sentence for murder included an

20   additional 3-year mandatory supervised release

21   period, that that failure occurred prior to his

22   entering into his plea of guilty, his negotiated

23   plea of guilty.

24             The defendant contends that, therefore,

1     did he not enter into an intelligent and voluntary

2     guilty plea. Further, the defendant states that he

3     does not wish to withdraw his guilty plea because

4     such withdrawal of his plea of guilty could

5     potentially subject him to a more harsher sentence

6     including potential death if he was found guilty

7     after a trial or if he entered into new plea

8     negotiations.

9              Instead, what he desires is to modify

10    his present sentence and, in essence, exclude the

11    mandatory supervised release period.  Whether you

12    say vacate or both, he wants it excluded, I

13    suppose, from his prospective -- he wanted to

14    incorporate, if you will, and not be called

15    mandatory supervised release and be part of his

16    regular sentence so that he will serve only 45

17    years to which he agreed for his defense plus any

18    good time which he is entitled to.

19             The defendant Petitioner contends and he

20    urges that fundamental fairness as well as due

21    process and law principles require such a

22    modification to enable the defendant to get the

23    benefit of his bargain with the State.

24             On the other hand, the State argues that

1    the defendant's request for modification of his

2    sentence it prohibited by People versus Russell,

3    345, Ill.App.3d, 16, 1st District 2004 case where

4    an identical issue to the issue presented by the

5    defendant in this case was presented to the Court

6    there and was denied.

7         The decision in Russell took into

8    account the Moore Case upon which the defendant,

9    Petitioner, heavily relies and, of course, the

10   Moore case relied upon the cases of People versus

11   Miller and the Federal case of McGinnis.

12        In taking into account all of those

13   cases, in the Russell case the Court declined to

14   follow the Moore reasoning and determined that

15   there was a significant difference between Moore

16   and the Russell cases during its decision.

17        One of the bases that the Moore or the

18   Russell case declined to follow Moore was that

19   Moore was a direct appeal rather than a post

20   conviction matter.

21        More importantly, Russell indicated that

22   the second reason it declined to follow Moore was

23   that the Russell Court concluded that a Trial

24   Court does not have the authority to strike the

1    MSR portion of a sentence. In accord with Russell,

2    a 2d. District case, People versus Benford, which

3    is at 345 Ill.App.3d, 751, it also is a 2004 case

4    and as a consequence of that, as I said, Russell

5    declined to follow Moore.

6        Mr. Robinson contends that he doesn't

7    want MSR stricken, he just wants it folded into

8    his sentence, however, that is no different than

9    striking it; in effect what would happen is there

10   would not be any MSR. According to Russell, MSR

11   is required, that is mandatory supervised release,

12   no matter what the sentence is. If there was a

13   folding in of the mandatory supervised release

14   period, there would not be any mandatory

15   supervised release period and, consequently, it

16   would be illegal according to Russell.

17       This Court is persuaded by the reasoning

18   in Russell and, therefore, the defendant's motion

19   to dismiss his petition or I am sorry the State's

20   petition to dismiss the Petitioner's, defendant,

21   petition for relief by modifying his sentence to,

22   in effect, exclude mandatory supervised release is

23   granted.  Are there any questions?

24       MR. SHEFFEY: Just for the sake of clarity,

1    Mr. Robinson recognizes he is going to have to do
2    the 3 years of MSR, but was hoping that this Court
3    could, I think the terminology is incorporate the
4    3 years, so he would actually do day for day with
5    21 days and 3 years of MSR after that, so, in
6    fact, the total would be like 45 years.
7         THE COURT:   I declined to do that.
8         MR. SHEFFEY: Based on that, I would ask you
9    to reconsidered your decision.
10        THE COURT:   And I have reconsidered it and
11   my decision is still the same.
12        MR. SHEFFEY: Based on that, Judge, I would
13   ask you to sign Mr. Robinson's notice of appeal.
14        THE COURT:   Sure.
15        MR. SHEFFEY: Thank you, Judge.
16             (Which were all the proceedings
17             had in the above-entitled cause.)
18
19
20
21
22
23
24

1

2    STATE OF ILLINOIS    )

3                         )   SS:

4    COUNTY OF C O O K    )

5

6                    I, SUSAN M. DOMINIC, Official

7    Shorthand Reporter of the Circuit Court of Cook

8    County, do hereby certify that I reported in

9    shorthand the evidence had in the above-entitled

10   cause, and that the foregoing is a true and

11   correct transcript of all the evidence heard.

12

13

14                    Official Shorthand Reporter

15                    Circuit Court of Cook County

16                    LICENSE #84-3102

17

18

19

20

21

22

23

24

72

H

*NOTICE*
 text of this order may be
 anged or corrected prior to the
 a for filing of a Petition for
 earing or the disposition of
 same *Ingham*

FOURTH DIVISION
June 28, 2007

No. 1-05-1853

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 89 CR 7299 |
| | ) | |
| CORY ROBINSON, | ) | Honorable |
| | ) | Eddie A. Stephens, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Defendant Cory Robinson entered a plea of guilty to first-degree murder, attempted murder, and residential burglary.  The court imposed concurrent sentences of 45, 30 and 10 years, respectively.  On appeal, defendant contends that his 45-year sentence should be reduced by the 3-year mandatory supervised release (MSR) term because he was not informed of the MSR term prior to pleading guilty.  We affirm.

On March 13, 1989, defendant entered the apartment of his girlfriend and stabbed her in the neck with a knife.  He then found his girlfriend's cousin in a bedroom and stabbed her with a knife more than 15 times causing her death.  Defendant's girlfriend survived.  Defendant was arrested and charged with first-degree murder, attempted murder, home invasion, residential burglary, burglary, and aggravated battery.

At the guilty plea proceeding on June 13, 1991, defense

1-05-1853

counsel stated, "[t]he matter has been re-conferenced, and based
upon the Court's offer of forty-five years in the Department of
Corrections, [defendant] is seeking to enter a plea of guilty."
After the trial court advised defendant of the minimum and
maximum sentences for each offense, defendant pled guilty to
first-degree murder, attempted murder and residential burglary.
The State dismissed the remaining counts of home invasion,
burglary, and aggravated battery.

The court then proceeded to sentencing, noting that a pre-
sentence investigation report had been obtained.  During
aggravation, the State argued,

> "it has been our position at the conferences
> -- it remains that we believe that under the
> facts and evidence of this case, that the
> defendant would be eligible under the statute
> of this state for the death penalty.  And in
> fact, it has been our position, in fact,
> under the circumstances and evidence of this
> case, that that would be our recommendation
> and was our recommendation at the
> conference."

During mitigation, defendant argued for leniency because he was a
young father who had completed two years of college and held a
job.  The court sentenced defendant to 45 years, 30 years, and 10

1-05-1853

years, respectively, to be served concurrently.  The record
reveals, and the parties agree, that the trial court never
mentioned MSR.

On July 13, 1991, defendant filed a *pro se* motion for
reduction of sentence, arguing that his sentence was excessive
and that he committed the murder in self-defense.  The
disposition of this motion is not in the record.

On June 24, 1993, defendant filed a *pro se* petition to
vacate judgment pursuant to section 2-1401 of the Code of Civil
Procedure (now codified at 735 ILCS 5/2-1401 (West 2004)).  The
trial court denied defendant's petition because it was untimely
filed.  On appeal, we affirmed the judgment.  <u>People v. Robinson</u>,
No. 1-95-0291 (1996) (unpublished order under Supreme Court Rule
23).

In October 2003, more than 12 years after pleading guilty,
defendant filed a "Petition for a Corrective Mittimus/ Motion for
Nunc Pro Tunc Order" raising several issues.  Appointed counsel
then submitted defendant's affidavit re-characterizing the
petition as a post-conviction petition and restricting the
petition solely to the issue of the trial court's failure to
admonish defendant of the MSR period, thus allegedly warranting a
reduction in his sentence because he did not receive the benefit
of his bargain with the State.  In April 2005, the State filed a
motion to dismiss claiming that the court's failure to admonish

1-05-1853

defendant regarding the MSR term did not render his plea
constitutionally infirm and that because the court lacked
authority to strike the MSR term, defendant's only remedy was to
vacate his guilty plea.  Following two hearings on the matter,
the trial court granted the State's motion to dismiss.  Notably,
defendant insisted that he was not seeking to withdraw his plea
because he was death eligible.

On appeal, defendant asserts that his prison term of 45
years should be reduced to 42 years because the trial court
indisputably failed to admonish him about the 3-year term of MSR
before he pled guilty and, therefore, he did not receive the
sentence he bargained for.  Defendant's benefit-of-the-bargain
argument is without merit because his sentence was not the
product of a fully negotiated agreement with the State.

Before accepting a plea of guilty, the trial court must
admonish the defendant of the minimum and maximum sentence
applicable by law.  177 Ill. 2d R. 402(a)(2).  A trial court
fails to substantially comply with Rule 402 and due process is
violated "when a defendant pleads guilty in exchange for a
specific sentence and the trial court fails to advise the
defendant, prior to accepting his plea, that a mandatory
supervised release term will be added to that sentence." People
v. Whitfield, 217 Ill. 2d 177, 195 (2005).  In Whitfield, the
trial court ratified the plea agreement negotiated between the

- 4 -

1-05-1853

defendant and the prosecutor, including a specific 25-year
sentence, but did not admonish the defendant that a mandatory 3-
year term of MSR would be added on the agreed-upon 25-year
sentence. _Whitfield_, 217 Ill. 2d at 190. Under a benefit-of-
the-bargain analysis, the supreme court determined that
defendant's negotiated 25-year prison term would be reduced by 3
years to 22 years followed by a 3-year term of MSR, totaling 25
years. _Whitfield_, 217 Ill. 2d at 205.

Relying on _Whitfield_, defendant seeks the same relief based
on his adamant, but erroneous, belief that he entered into a
fully negotiated guilty plea. A guilty plea necessarily derives
from an agreement between the defendant and the State, not the
court. See, _e.g._, _People v. Diaz_, 192 Ill. 2d 211, 218-23
(2000); _People v. Linder_, 186 Ill. 2d 67, 77-78 (1998) (Freeman,
C.J., specially concurring) (explanations of the four types of
plea scenarios). Moreover, Rule 402(d) provides that the trial
court's part in a plea agreement is to concur or ratify the
disposition proposed by the parties. 177 Ill. 2d R. 402(d).

Defendant specifically claims that he did not receive the
benefit of his bargain with the State. Yet, defendant expressly
acknowledges that the trial court, not the State, offered the
proposed sentence. In fact, the record clearly establishes that
the State specifically reminded the trial court that the State
remained steadfast in its position that it would recommend the

- 5 -

1-05-1853

death penalty.  During the sentencing portion of the plea
proceedings, the parties argued aggravating and mitigating
factors, respectively, and the court specifically considered the
pre-sentence investigation report with defendant's prior
convictions.  Throughout the proceedings after the guilty plea,
defendant insisted that he did not want to vacate his plea for
the very reason that he was death eligible and the State would
seek the death penalty if he withdrew his plea.  Unlike the plea
negotiated between the State and the defendant in Whitfield, the
State here did not recommend and did not negotiate for the
sentence imposed by the trial court.  The State only agreed to
drop certain charges in exchange for defendant's guilty plea on
three charges.  Accordingly, the trial court retained full
discretion to impose a sentence and defendant was not denied the
benefit of his bargain with the State, which agreed to, and did,
drop certain charges.  People v. Lumzy, 191 Ill. 2d 182, 187
(2000) (the plea bargain between the State and the defendant was
utterly silent as to sentencing so the trial court could exercise
its total discretion in selecting a sentence within the
applicable range).  Furthermore, defendant does not dispute that
the 45-year sentence with the 3-year term of MSR does not exceed
the maximum sentence available, i.e., the death penalty.

     For all the foregoing reasons, we affirm the judgment of the
trial court.

1-05-1853

Affirmed.

QUINN, P.J., with CAMPBELL, J., and MURPHY, J., concurring.

I

105007                SUPREME COURT OF ILLINOIS
                        CLERK OF THE COURT
                      SUPREME COURT BUILDING
                      SPRINGFIELD, ILLINOIS 62701
                          (217) 782-2035

                      September 26, 2007


Ms. Suzan-Amanda Ingram
Asst. State Appellate Defender
203 North LaSalle Street, 24th Floor
Chicago, IL 60601

No. 105007 - People State of Illinois, respondent, v. Cory
              Robinson, petitioner.  Leave to appeal, Appellate
              Court, First District.


     The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.


     The mandate of this Court will issue to the Appellate Court

on November 1, 2007.



STATE OF ILLINOIS )
)
COUNTY OF LEE )

### NOTICE OF FILING

To:    Clerk of the United States District Court
Northern District of Illinois
219 South Dearborn, 20th Floor
Chicago, Il 60604

Please take notice that on _March 11_ , 2008, I, Cory Robinson, Petitioner,
have placed the documents listed below in the institutional mail at Dixon Correctional
Center, properly addressed to the parties listed above for mailing through the United
States Postal Services: The original and two (2) copies of Petition for Habeas Corpus,
Motion to Proceed in Forma Pauperis and affidavit, Motion for appointment of Counsel.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under
penalty of perjury, that I am the named party in the above action, that I have read the
above documents, and the information contained therein is true and correct to the best of
my knowledge.

Date: _March 11, 2008_

/s/    _Cory Rot_____

Cory Robinson
B-14923
Dixon Correctional Center
2600 N. Brinton Ave
Dixon, Illinois 61021-7200