UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CORY ROBINSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 1558 |
| NEDRA CHANDLER, Warden, Dixon Correctional Center, | ) ) ) | The Honorable Joan B. Gottschall, |
| Respondent. | ) | Judge Presiding. |

_____

**RESPONDENT'S MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 2244(d)(1)(A), respondent NEDRA CHANDLER moves this Court to dismiss, with prejudice, the instant petition for a writ of habeas corpus as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In support, respondent states as follows:

1.      Petitioner Cory Robinson is incarcerated at the Dixon Correctional Center in Dixon, Illinois, where he is in the custody of respondent, Nedra Chandler. Petitioner's prison identification number is B14923.

2.      On June 13, 1991, petitioner pled guilty to first degree murder, attempted murder, and residential burglary. Rule 23 Order, *People v. Robinson*, No. 1-05-1853 (Ill.App. 2007) (Exhibit A). On March 13, 1989, petitioner entered his girlfriend's apartment, stabbed her in the neck with a knife, and then stabbed his girlfriend's cousin more than 15 times, causing her death. Exh. A. at 1. The trial

court sentenced petitioner to concurrent terms of 45, 30, and 10 years' imprisonment. *Id.*.

    3.    On July 11, 1991, petitioner filed[1] a pro se motion for reduction of sentence, arguing that his sentence was excessive and that he committed the murder in self-defense. Motion for Reduction of Sentence, *People v. Robinson*, No. 89 CR 7299, Circuit Court of Cook County (Exhibit B). The disposition of this motion is not in the state court records. *See* Exh. A at 3. Yet because petitioner's sentences remain 45, 30, and 10 years, it is clear that they were not reduced.

    4.    On June 24, 1993, petitioner filed a pro se petition to vacate judgment under 735 ILCS 5/2-1401. Petition to Vacate Judgment, *People v. Robinson*, No. 89 CR 7299, Circuit Court of Cook County (Exhibit C). The state trial court denied this petition because it was untimely. Report of Proceedings: September 24, 1993, *People v. Robinson*, No. 89 CR 7299 (Exhibit D). Petitioner appealed, and appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Rule 23 Order, *People v. Robinson*, No. 1-95-0291 (Ill.App. 1996) (Exhibit E). On March 5, 1996, the Illinois Appellate Court, First District, allowed appellate counsel to withdraw, and affirmed the judgment of the circuit court. *Id.* Petitioner did not file an affidavit of intent to file a petition for leave to appeal with the Illinois

---

[1] Giving petitioner the benefit of the earliest filing date, respondent assumes that the documents were filed on the date that petitioner signed and dated them, rather than the file-stamp date provided by the respective clerk's offices. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (mailbox rule extended to pro se habeas petitions).

Supreme Court, or a petition for leave to appeal (PLA) in the Illinois Supreme Court.

    5.    On October 7, 2003, petitioner filed a "Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order." Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order, *People v. Robinson*, No. 89 CR 7299, Circuit Court of Cook County (Exhibit F). Appointed counsel subsequently recharacterized the petition as a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1, *et seq.*), and restricted the petition solely to the issue of whether the trial court failed to admonish petitioner of the period of mandatory supervised release (MSR) that attached to his sentence. *See* Exh. A at 3. The trial court granted the State's motion to dismiss the postconviction petition. *Id.* at 3-4.

    6.    Petitioner appealed, and on June 28, 2007, the state appellate court affirmed. *Id.* at 5-6. Petitioner filed a PLA in the Illinois Supreme Court that the court denied on September 26, 2007. Order denying PLA, *People v. Robinson*, No. 105007 (Ill. 2007) (Exhibit G).

    7.    On March 11, 2008, petitioner filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254(d) raising the following claims:

    a.    petitioner was denied due process because had he known that he would be required to serve a three-year term of MSR in addition to his agreed upon sentence, he would not have pled guilty;

    b.    petitioner seeks the benefit of his plea bargain as a remedy; and

    c.    the trial court's failure to follow Illinois Supreme Court Rule 402(d)(2) violated his due process rights.

8. Petitioner has exhausted his state court remedies in that no state court avenues remain available by which petitioner may present the constitutional claims that he has raised in the present federal habeas petition.

9. The following materials, pertinent to this Court's timeliness determination, are being manually filed contemporaneously as exhibits with this Court:

    Exhibit A:    Rule 23 Order, *People v. Robinson*, No. 1-05-1853 (Ill.App. 2007);

    Exhibit B:    Motion for Reduction of Sentence, *People v. Robinson*, No. 89 CR 7299, Circuit Court of Cook County;

    Exhibit C:    Petition to Vacate Judgment, *People v. Robinson*, No. 89 CR 7299, Circuit Court of Cook County;

    Exhibit D:    Report of Proceedings: September 24, 1993, *People v. Robinson*, No. 89 CR 7299;

    Exhibit E:    Rule 23 Order, *People v. Robinson*, No. 1-95-0291 (Ill.App. 1996);

    Exhibit F:    Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order, *People v. Robinson*, No. 89 CR 7299, Circuit Court of Cook County); and

    Exhibit G:    Order denying PLA, *People v. Robinson*, No. 105007 (Ill. 2007).

10. The instant petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions. Section 2244(d) provides as follows:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

    11.    Petitioner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, of the four possible dates from § 2244(d)(1) for starting the limitations period, the date on

which petitioner's conviction became final is the only one applicable to the present case.  *See* 28 U.S.C. § 2244(d)(1)(A).

12.    Petitioner pled guilty and was sentenced on June 13, 1991.  Under Illinois law, no appeal from a judgment entered upon a plea of guilty shall be taken unless the petitioner, within 30 days of the imposition of sentence, files a motion to reconsider the sentence (if only the sentence is being challenged), or a motion to withdraw the plea and vacate the judgment (if the plea itself is being challenged).  *See* Ill. S. Ct. Rule 604(d).  On July 13, 1991, petitioner filed a motion for reduction of sentence.  As noted above, the disposition of this motion is not in the state court records.[2]  *See* Exh. A at 3.

13.    On June 24, 1993, petitioner filed a petition to vacate judgment under 735 ILCS 5/2-1401, and on March 5, 1996, the state appellate court allowed appellate counsel to withdraw pursuant to *Pennsylvania v. Finley*, and affirmed the judgment of the circuit court.  *See* Exh. E.  The state appellate court therefore decided petitioner's appeal on the merits, *see Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005), and thus, the petition was a "properly filed" application for postconviction relief that would toll the limitations period under § 2244(d)(2).  *Pace*

---

[2]  Under Illinois law, petitioner was obligated to obtain a ruling on this motion before he could appeal his sentence.  *See People v. Stevens*, 94 Ill.App.3d 516, 518 (4th Dist. 1981) (defendant who has pled guilty is required to obtain a ruling in the trial court before a conviction or sentence can be appealed); *see also Intercontinental Parts, Inc. v. Caterpillar, Inc.*, 260 Ill.App.3d 1085, 1090 (1st Dist. 1994) (failure to enter ruling on a motion is not equivalent to a denial of that motion and party who has filed motion seeking relief from the court is obligated to obtain a ruling on that motion).

*v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Proceedings on petitioner's section 2-1401 petition terminated when the state appellate court affirmed the judgment of dismissal, and petitioner did not file a PLA in the Illinois Supreme Court or an affidavit of intent to file. Assuming, arguendo, that the statute of limitations was tolled during the 21 days that petitioner could have, but ultimately did not file a PLA in the Illinois Supreme Court, these proceedings terminated on March 26, 1996.[3] Because his conviction became final before AEDPA's effective date (April 24, 1996), petitioner was entitled to a one-year grace period — until April 24, 1997 — to file his habeas petition. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002).

14. Following the conclusion of petitioner's section 2-1401 proceedings, nothing was pending in the state court until October 7, 2003, when petitioner filed a "Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order," which was recharacterized as a state postconviction petition. This was a properly filed petition that tolled the limitations period under § 2244(d)(2). However, by the time he filed

---

[3] Although the Seventh Circuit in *Fernandez v. Sternes*, 227 F.3d 977, 979-980 (7th Cir. 2000), expressly reserved the question of whether the 21-day period described above tolls the limitations period, the timeliness of the instant habeas petition is not contingent on resolution of that issue, and so respondent, giving petitioner the greatest benefit of the doubt, has tolled that 21-day period of time. The better answer is that the 21 days should not be tolled under §2244(d)(2) for the same rationale supporting *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006) (time during which petitioner could have filed, but did not file, petition for writ of certiorari on postconviction appeal did not toll limitations period under §2244(d)(2)); and *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (same): nothing was actually "properly filed" or "pending" during that 21-day period of time. *See also Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000).

it, more than 6 years of untolled time had passed since the one-year grace period had expired.

15.    After the state supreme court denied petitioner's postconviction PLA on September 26, 2007, the limitations period began running again. *Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007) (petition for a writ of certiorari on postconviction review does not toll limitations period under § 2244(d)(2)); *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (limitations period is not tolled during time state postconviction petitioner could have filed, but did not file, petition for writ of certiorari). The limitations period continued running until petitioner filed the instant habeas petition in this Court on March 11, 2008.

16.    Adding the six-plus years that ran on the limitations clock before petitioner filed his postconviction petition and the nearly six months that ran following the conclusion of those proceedings, the instant petition was filed about seven years after the expiration of the statute of limitations, and it is therefore untimely under § 2244(d)(1), and this Court should dismiss it with prejudice.

17.    Petitioner has not argued that equitable tolling should excuse his untimely filing. *See, e.g.*, *Pace,* 544 U.S. at 418 (equitable tolling generally permissible only if petitioner demonstrates that he has been pursuing his rights diligently and some "extraordinary circumstance" prevented timely filing); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Nothing on this record indicates that any extraordinary circumstance prevented petitioner from complying with AEDPA's limitations period. Petitioner is thus not entitled to equitable tolling.

## **CONCLUSION**

This Court should dismiss, with prejudice, the instant petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1)(A). If the Court determines that the petition is not time-barred, respondent respectfully requests 30 days from the entry of the Court's order denying this motion to address the merits and/or any procedural defaults of petitioner's claims in a subsequent submission.

June 11, 2008                                    Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:    /s/ Sheri L. Wong
SHERI L. WONG, BAR # 6291090
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601-3218
TELEPHONE: (312) 814-3692
FAX: (312) 814-2253
EMAIl: swong@atg.state.il.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2008, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and that on the same date, I mailed by United States Postal Service the same to the following non-registered party:

Cory Robinson, #B14923
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

                                                  LISA MADIGAN
                                                  Attorney General of Illinois

By:   /s/ Sheri L. Wong
        SHERI L. WONG, BAR # 6291090
        Assistant Attorney General
        100 W. Randolph Street, 12th Floor
        Chicago, IL 60601-3218
        TELEPHONE: (312) 814-3692
        FAX: (312) 814-2253
        EMAIl: swong@atg.state.il.us