

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | JUN 1 1 2008 **YM** |
| CORY ROBINSON, | ) | Jun 11, 2008 |
| | ) | MICHAEL W. DOBBINS |
| Petitioner, | ) | CLERK, U.S. DISTRICT COURT |
| | ) | |
| v. | ) | No. 08 C 1558 |
| | ) | |
| NEDRA CHANDLER, Warden, | ) | |
| Dixon Correctional Center, | ) | The Honorable |
| | ) | Joan B. Gottschall, |
| Respondent. | ) | Judge Presiding. |

## <u>TO THE CLERK OF THE UNITED STATES DISTRICT COURT</u>

The following Exhibits A through G to respondent's Motion to Dismiss, which

was filed on June 11, 2008 in the above-captioned cause, are hereby manually filed

with this Court:

Exhibit A:  Rule 23 Order, *People v. Robinson*, No. 1-05-1853 (Ill.App. 2007);

Exhibit B:  Motion for Reduction of Sentence, *People v. Robinson*, No. 89 CR
7299, Circuit Court of Cook County;

Exhibit C:  Petition to Vacate Judgment, *People v. Robinson*, No. 89 CR
7299, Circuit Court of Cook County;

Exhibit D:  Report of Proceedings: September 24, 1993, *People v. Robinson*,
No. 89 CR 7299;

Exhibit E:  Rule 23 Order, *People v. Robinson*, No. 1-95-0291 (Ill.App. 1996);

Exhibit F:  Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc
Order, *People v. Robinson*, No. 89 CR 7299, Circuit Court of
Cook County); and

Exhibit G:   Order denying PLA, *People v. Robinson*, No. 105007 (Ill. 2007).

June 11, 2008                              Respectfully submitted,

                                           LISA MADIGAN
                                           Attorney General of Illinois

                              By:          *Sheri Wong*
                                           SHERI L. WONG, Bar #. 6291090
                                           Assistant Attorney General
                                           100 West Randolph Street, 12th Floor
                                           Chicago, Illinois 60601-3218
                                           TELEPHONE: (312) 814-3692
                                           FAX: (312) 814-2253
                                           EMAIL: swong@atg.state.il.us

NOTICE
text of this order may be
~ged or ~corrected prior to the
for ·filing of a Petition for
eating or the disposition of
same *Ingram*

FOURTH DIVISION
June 28, 2007

No. 1-05-1853

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 89 CR 7299 |
| | ) | |
| CORY ROBINSON, | ) | Honorable |
| | ) | Eddie A. Stephens, |
| Defendant-Appellant. | ) | Judge Presiding. |

### O R D E R

Defendant Cory Robinson entered a plea of guilty to first-degree murder, attempted murder, and residential burglary. The court imposed concurrent sentences of 45, 30 and 10 years, respectively. On appeal, defendant contends that his 45-year sentence should be reduced by the 3-year mandatory supervised release (MSR) term because he was not informed of the MSR term prior to pleading guilty. We affirm.

On March 13, 1989, defendant entered the apartment of his girlfriend and stabbed her in the neck with a knife. He then found his girlfriend's cousin in a bedroom and stabbed her with a knife more than 15 times causing her death. Defendant's girlfriend survived. Defendant was arrested and charged with first-degree murder, attempted murder, home invasion, residential burglary, burglary, and aggravated battery.

At the guilty plea proceeding on June 13, 1991, defense

EXHIBIT A

1-05-1853

counsel stated, "[t]he matter has been re-conferenced, and based
upon the Court's offer of forty-five years in the Department of
Corrections, [defendant] is seeking to enter a plea of guilty."
After the trial court advised defendant of the minimum and
maximum sentences for each offense, defendant pled guilty to
first-degree murder, attempted murder and residential burglary.
The State dismissed the remaining counts of home invasion,
burglary, and aggravated battery.

The court then proceeded to sentencing, noting that a pre-
sentence investigation report had been obtained.  During
aggravation, the State argued,

> "it has been our position at the conferences
> -- it remains that we believe that under the
> facts and evidence of this case, that the
> defendant would be eligible under the statute
> of this state for the death penalty.  And in
> fact, it has been our position, in fact,
> under the circumstances and evidence of this
> case, that that would be our recommendation
> and was our recommendation at the
> conference."

During mitigation, defendant argued for leniency because he was a
young father who had completed two years of college and held a
job.  The court sentenced defendant to 45 years, 30 years, and 10

- 2 -

1-05-1853

years, respectively, to be served concurrently. The record
reveals, and the parties agree, that the trial court never
mentioned MSR.

On July 13, 1991, defendant filed a *pro se* motion for
reduction of sentence, arguing that his sentence was excessive
and that he committed the murder in self-defense. The
disposition of this motion is not in the record.

On June 24, 1993, defendant filed a *pro se* petition to
vacate judgment pursuant to section 2-1401 of the Code of Civil
Procedure (now codified at 735 ILCS 5/2-1401 (West 2004)). The
trial court denied defendant's petition because it was untimely
filed. On appeal, we affirmed the judgment. People v. Robinson,
No. 1-95-0291 (1996) (unpublished order under Supreme Court Rule
23).

In October 2003, more than 12 years after pleading guilty,
defendant filed a "Petition for a Corrective Mittimus/ Motion for
Nunc Pro Tunc Order" raising several issues. Appointed counsel
then submitted defendant's affidavit re-characterizing the
petition as a post-conviction petition and restricting the
petition solely to the issue of the trial court's failure to
admonish defendant of the MSR period, thus allegedly warranting a
reduction in his sentence because he did not receive the benefit
of his bargain with the State. In April 2005, the State filed a
motion to dismiss claiming that the court's failure to admonish

- 3 -

1-05-1853

defendant regarding the MSR term did not render his plea
constitutionally infirm and that because the court lacked
authority to strike the MSR term, defendant's only remedy was to
vacate his guilty plea.  Following two hearings on the matter,
the trial court granted the State's motion to dismiss.  Notably,
defendant insisted that he was not seeking to withdraw his plea
because he was death eligible.

On appeal, defendant asserts that his prison term of 45
years should be reduced to 42 years because the trial court
indisputably failed to admonish him about the 3-year term of MSR
before he pled guilty and, therefore, he did not receive the
sentence he bargained for.  Defendant's benefit-of-the-bargain
argument is without merit because his sentence was not the
product of a fully negotiated agreement with the State.

Before accepting a plea of guilty, the trial court must
admonish the defendant of the minimum and maximum sentence
applicable by law.  177 Ill. 2d R. 402(a)(2).  A trial court
fails to substantially comply with Rule 402 and due process is
violated "when a defendant pleads guilty in exchange for a
specific sentence and the trial court fails to advise the
defendant, prior to accepting his plea, that a mandatory
supervised release term will be added to that sentence."  People
v. Whitfield, 217 Ill. 2d 177, 195 (2005).  In Whitfield, the
trial court ratified the plea agreement negotiated between the

- 4 -

1-05-1853

defendant and the prosecutor, including a specific 25-year
sentence, but did not admonish the defendant that a mandatory 3-
year term of MSR would be added on the agreed-upon 25-year
sentence.  Whitfield, 217 Ill. 2d at 190.  Under a benefit-of-
the-bargain analysis, the supreme court determined that
defendant's negotiated 25-year prison term would be reduced by 3
years to 22 years followed by a 3-year term of MSR, totaling 25
years.  Whitfield, 217 Ill. 2d at 205.

Relying on Whitfield, defendant seeks the same relief based
on his adamant, but erroneous, belief that he entered into a
fully negotiated guilty plea.  A guilty plea necessarily derives
from an agreement between the defendant and the State, not the
court.  See, e.g., People v. Diaz, 192 Ill. 2d 211, 218-23
(2000); People v. Linder, 186 Ill. 2d 67, 77-78 (1998) (Freeman,
C.J., specially concurring) (explanations of the four types of
plea scenarios).  Moreover, Rule 402(d) provides that the trial
court's part in a plea agreement is to concur or ratify the
disposition proposed by the parties.  177 Ill. 2d R. 402(d).

Defendant specifically claims that he did not receive the
benefit of his bargain with the State.  Yet, defendant expressly
acknowledges that the trial court, not the State, offered the
proposed sentence.  In fact, the record clearly establishes that
the State specifically reminded the trial court that the State
remained steadfast in its position that it would recommend the

1-05-1853

death penalty.  During the sentencing portion of the plea
proceedings, the parties argued aggravating and mitigating
factors, respectively, and the court specifically considered the
pre-sentence investigation report with defendant's prior
convictions.  Throughout the proceedings after the guilty plea,
defendant insisted that he did not want to vacate his plea for
the very reason that he was death eligible and the State would
seek the death penalty if he withdrew his plea.  Unlike the plea
negotiated between the State and the defendant in Whitfield, the
State here did not recommend and did not negotiate for the
sentence imposed by the trial court.  The State only agreed to
drop certain charges in exchange for defendant's guilty plea on
three charges.  Accordingly, the trial court retained full
discretion to impose a sentence and defendant was not denied the
benefit of his bargain with the State, which agreed to, and did,
drop certain charges.  People v. Lumzy, 191 Ill. 2d 182, 187
(2000) (the plea bargain between the State and the defendant was
utterly silent as to sentencing so the trial court could exercise
its total discretion in selecting a sentence within the
applicable range).  Furthermore, defendant does not dispute that
the 45-year sentence with the 3-year term of MSR does not exceed
the maximum sentence available, i.e., the death penalty.

     For all the foregoing reasons, we affirm the judgment of the
trial court.

1-05-1853

Affirmed.

QUINN, P.J., with CAMPBELL, J., and MURPHY, J., concurring.

STATE OF ILLINOIS )
               ) SS                                     Page 1 of 2
COUNTY OF __COOK__ )

IN THE CIRCUIT COURT OF __COOK__ COUNTY
__COOK__ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
                    ·PLAINTIFF, )
                           )
                           )
V.                           )     Case No.   89CR7299
                           )
                           )
CORY D. ROBINSON           )
_____, PRO-SE, )
          DEFENDANT. )

JUL 1 o '91 r¤

CLERK
CRIMINA.

MOTION FOR REDUCTION OF SENTENCE

Now comes the defendant , __CORY D. ROBINSON__ , Pro-se, in his own behalf
and moves this Honorable Court, pursuant to Ill. Rev. Stat. Ch. 38 § 10058-8-1 (c),
for reduction of sentence, and in support thereof, the defendant states as follows:

1.) The defendant in the above entitled cause was sentenced to a term of imprison
of __45__ years of which he feels is excessive in as much justice is concerned.

2.) The defendant was sentence on the __13__ day of __JULY__ 19__91__, by the Honorable
Judge __MAHON__ .

3.) The defendant would contend that the sentence  imposed against the defendant.
is in fact excessive, and for the following reasons justice requires a reduction.

    A.) There were a number of mitigating factors involved in said case,
The number of mitigating factors fall in many different areas.
The circumstances involved in said case prove to be very extrodiary.

    B.) Defendent had no significant history of prior criminal activity,
The murder was commited while the defendent was under extreme mental and emotional
disturbance.

STATE OF ILLINOIS )
                  ) SS                    Page 2 of 2
COUNTY  OF  COOK  )


Defendent acted under the complusion of threat of the imminent influction of

death or great bodily harm to himself.

At the time of the killing, defendent was under sudden and intense passion,

resulting from serious provoction by the individual killed.


        C.)  Defendent had reason to believe that his own life was in danger.

At the time of the killing defendent believed circumstances to be such, that

would justify or exonerate the killing.



    4.) The defendant in the above stated cause would contend that where the foregoin;

reasons clearly state that a reduction of sentence is warrented, he would request that

Honorable Court reduce the sentence imposed upon the defendant in the case at bar.


    WHEREFORE the defendant    CORY D. ROBINSON        prays to this Honorable Cour

to grant the foregoing motion for reduction of sentence, in order to insure justice

during these Honorable proceedings.

                                        /s/ _Cory D. Robin_


_Jeanne T. Ciancanelli_
    NOTARY  OF  PUBLIC
    7-11-91

    "OFFICIAL SEAL"
    JEANNE T. CIANCANELLI
    NOTARY PUBLIC, STATE OF ILLINOIS
    MY COMMISSION EXPIRES 10-21-94

C 81


IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
       Respondents, )
                      )
                      )
  -vs- )   Case No.
                      )
CORY ROBINSON )
       Defendant-Petitioner )



JUL 02 '93 PM
FILED

AUE... ...NSKI
Clerk of the Circuit Court
CRIMINAL DIVISION

## PETITION TO VACATE JUDGMENT

    Now comes the defendant, Cory Robinson, acting _propria persona_, pursuant to Ill. Rev. Stat. 1991, ch. 110, pars. 2-1401 (a),(b) and moves this Court to vacate the previously entered judgment against the defendant, and in support thereof, states as follows:

    1. That the defendant was convicted for the offense of Murder, and Attempted Murder  and Burglary on  6-13-91

    2. That judgment on said conviction was entered on  6-13-91 by the Honorable Francis J. Mahon.

    3. That more than 30-days have elapsed since the entry of such judgment but not more than two (2) years and is being made with due diligence.

    4. That the defendant has a meritorious defense to the charges in that his Attorney was ineffective with providing proper assistance and therefore denied Petitioner his Constitutional Right to present a Defense.  Petitioner entered a plea of guilty as a result of ineffective assistance of counsel. It should be noted that the proof is limited strictly to evidence that the plea of guilty was made in reliance on the attorney's erroneous legal advice. After first speaking with his attorney, Petitioner's original impression was that he was going to discuss the police beating him, and how the trial would go. But in fact, all we discussed was the possibility of my pleading guilty. He told me of the possibility that I was going to be exposed to a much longer sentence if I was convicted at a trial, and that it was advisable for me to plead guilty in exchange for a lesser sentence. The attorney then explained to me why I might get a longer sentence if I went to trial.

EXHIBIT C

What I was told by the attorney was that if I insisted on a trial, the prosecutor was going to seek the longer sentence because of my prior conviction. He told me that under the laws of this State, the prosecutor could prove the prior conviction and that it could be used to enhance my sentence. He then, went on to explain to me the sentence I could receive under the circumstances, as opposed to the possible sentence without such enhancement. After discussing with me the possibility of such a sentence, he told me what sentence the Court was likely to impose if I went to trial. He also said that I was almost certain to get the maximum sentence.

5. That the defense I was prepared to present to the Court was one of self-defense. This is by virtue of the fact that I was the one inwhom was attacked (SEE ATTACHED RECORDED STATEMENT) and that the incident resulted from my efforts to defend myself.

6. That the defendant was unable to present this defense prior to this time because his statement was obtained under duress, and because his attorney informed him that he would not present it for him.

### STATEMENT OF FACTS

### (SEE ATTACHED RECORDED STATEMENT)

### LEGAL CLAIMS

7. Counsel's Failure to Conduct Any Investigation Into Defendant's Self-Defense Presentation Of Evidence, And His Right To Present A Defense Constitutes In-effective Assistance; Counsel's Advise To Plead Guilty Constitutes Ineffective Assistance Of Counsel.

---

There is no doubt that the Sixth Amendment guarantee of the right to counsel must necessarily include the right to effective assistance of Counsel. United States v. Cronic, 466 U.S. 648, 654 (1984); Cuyler v. Sullivan, 466 U.S. 335, 3444 (1980); Powell v. Alabama, 287 U.S. 45, 53 (1932).

Petitioner Robinson was denied his Sixth Amendment right to effective representation by his attorney's failure to adequately, or even minimally, engage in the course of adequate pre-trial in-vestigation or in the alternative, present him a defense. There are a number of other examples of counsel's ineffectiveness,

of most significance here is counsel's failure to conduct a proper investigation into the existence of people who know defendant and the victims, people who live in the apartment building with knowledge of their association and problems prior to the incident of which the offense ocurred. Especially someone who may have witnessed what actually happened on that particular day. On this allegation alone, Petitioner urges that he has carried his burden in establishing a violation of his constitutional right to present a proper defense and effect trial counsel.

The Seventh Circuit has continually recognized that effective assistance of counsel involves adequate pre-trial investigation. See, e.g., United States ex rel. Harris v. Reed, 608 F. Supp. 1369, 1379 (D.C.Ill. 1985), quoting United States v. Zylstra, 713 F.2d 1332, 1338 (7th Cir. 1983) ("It is undisputed that a defense counsel 'should make reasonable investigations into all defense', and that such investigations encompass the interviewing of witnesses."); Crisp v. Duckworth, 743 F.2d 580, 583 (7th Cir. 1984) (As a general rule, an attorney must investigate a case in order to provide minimally competent representation); Keya v. Duckworth, 761 F.2d 390, 392 n.3 (7th Cir. 1985) failure to investigate, standing alone, might constitute ineffective assistance of counsel if it were prejudicial and did not conform to minimum professional standards.)

In the case at bar, Petitioner has established a long term relationship with both victims. Because the petitioner has a child with another woman caused tension within his relationship with Tonya Smith to the extent that the victim Tonya Smith became so upset until she called the mother of petitioner child hoping for a confrontation with her, when this did not occur, petitioner became the out-let of Tonya's anger, thus, causing the confrontation which manifested into the offense for which he, the Petitioner is now charged, resulting in his current conviction. (See: attached statement)

In an effort to properly formulate a defense for his client, it appears reasonable that any competent attorney would atleast interview any and all available witnesses, yet, none were. Not even the victim, Tonya Smith. There is also Dottie, petitioner's child's mother. She could atleast been available to provide some insight into the state of Mind of the victim prior to the incident. There was also Carolyn Scott, Robert Scott, Marlon McHenry and Robert Scott Jr., people whom Mr. Robinson lived with on and off during the time he was not with Tonya

mith or Dottie, who could have provided crucial testimony to a self-
efense --- defense.

The Seventh Circuit has consistently held that defense counsel'
ejection of readily available witnesses, without interviewing them o
investigating their testimony, falls below minimum standards of pro-
essional competence. United States ex rel Harris v. Reed, 608 F.
Supp. 1369, 1379 (7th Cir. 1985);(citing: United States v. Zulstra,
713 F.2d 1332, 1338 (7th Cir. 1983); Arrowood v. Clausen, 732 F.2d
1364, 1370 (7th Cir. 1984); United States ex rel. Cosey v. Wolff, 727
F.2d 656 (7th Cir. 1984). (To same effect).

In United States ex rel. Cosey v. Wolff, 727 F.2d 656 (7th Cir.
1984), the court rejected the state's argument that defense counsel's
rejection of proffered witnesses, without investigating or interview-
ing them, was within the bounds of competent representation. The court
noted that, at times, an attorney's professional assessment of the cas
may lead the attorney to decline to interview or use the testimony
of witnesses, but "without investigating or interviewing such...
witnesses, Cosey's attorneys had no reason to believe they would be
valuable in securing Cosey's release" Id. at 658.

In the present case, Petitioner had no such option because his
attorney refused to even present him with a defense of any kind, thus,
compelling him (petitioner) to plead guilty against his Will.
In evaluating defense counsel's failure to adequately interview wit-
nesses, the appellate court went on to say "there was no strategy
involved here, only negligence." Id. at 658 footnote 3.

Here, defense counsel failed to interview prospective witnesses
who loomed larger-than-life in terms of providing invaluable impeach-
ment of the state's case. As this court is well aware, an attorney
does not have discretion in determining whether to use a witness'
testimony in preparation of a client's defense. However, as the
Seventh Circuit noted in United States v. Curtis, 742 F.2d 1070 (
7th Cir. 1984), such a decision is made "after adequate investigation
and based upon counsel's reasonable determination that damage to his
client's case can thereby be avoided..." Id. at 1074.  Obviously,
defense counsel in the instant case could not make a reasonable deter-
mination as to what effect the testimony of perspective witnesses
would have on the case as he did not interview them nor investigate
the witnesses in question or other witnesses which this investigation
may have unvailed.

In <u>Crisp v. Duckworth</u>, 743 F.2d 580 (7th Cir. 1984), the court held that "general policies against interviewing the State's witnesses... are not policies based on strategy: they are policies grounded in negligence" <u>Id</u>. at 587. Defense counsel's negligence here in failing to interview the very people whose testimony would clearly be exculpatory constituted unmistakable prejudice to Petitioner. Thus, Petitioner's guilty plead should be vacated and his case remanded to the Circuit Court of Cook County for a New Trial.

> The Defendant Has A Constitutional
> Right To Present A Defense Under
> both the United States Constitution
> And The Constitution For The State
> Of Illinois.

Self-Defense is affirmative defense which must be rebutted by proof beyond a reasonable doubt . Under Section 7-1 of the Criminal Code of 1961, self-defense is an affirmative defense which is raised by a slight amount of evidence as to a reasonable belief in the necessity for the force used, whereupon the State must disprove the defense beyond a reasonable doubt. The United States Constitution guarantee's the defendant a Right to Present this Defense. In the Instant case, Petitioner wanted to present an Affirmative Defense under the Illinois Criminal Code of 1961.

Had Petitioner been allowed to present the defense of his choice, he would have presented to the Court his subjective perception of danger as well as the reasonableness of his belief therein as justifying the necessary use of force applied to save his own life.

Petitioner contends that had it not been for the adverse advice of his attorney and the coercion applied, he would have went to trial and that with the evidence already available to his attorney, could have prevailed.

Wherefore, the defendant prays that this Court vacate the judgment heretofore entered against defendant and set the matter for trial.

/s/ _Cory Robinson_

-5-

OFFICIAL SEAL
DAVID E. ESSENPREIS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES FEB 25, 1996

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS          )
                    Respondents,          )
                                          )
    -vs-                                  )
                                          )          Case No. 91 CR 7295
CORY ROBINSON                             )
                    Defendant-Petitioner )          Honorable Frank . . .
                                          )          Judge Presiding

**FILED   JUL 02 '93 PM   FILED**

AURELIA PUCINSKI
Clerk of the Circuit Court
CRIMINAL DIVISION

## PROOF OF SERVICE

The undersigned, being duly sworn, deposes and says that he
served 3 copies of the Petition To Vacate Judgment, Motion To Pro-
ceed In Forma Pauperis And To Appoint Counsel as required under
Supreme Court Rule 110A 105 and 106 in the above-entitled cause
by mailing through the United States Postal Service at the State-
ville Correctional Center, P.O. Box 112; Joliet, Illinois 60434 on
the _24_ day of June, 1993 at the below listed addresses:

Clerk,
Circuit Court of Cook County          Jack O'Malley
Criminal Courts Administration Building          State's Attorney
2650 South California Avenue          County of Cook
Chicago, Illinois 60608          309 Richard J. Daley Center
                                     Chicago, Illinois 60602

### Request receipt of acknowledgment

BY: _____
         Mr. Cory Robinson
         Reg. No. B-14923
         P.O. Box 112
         Joliet, Illinois 60434

Subscribed and Sworn to before me
this _24th_ day of June, 1993.

_____
Notary Public

OFFICIAL SEAL
DAVID E. ESSENPREIS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES FEB 25, 1996

C 82

STATE OF ILLINOIS)
                 ) SS
COUNTY OF WILL )

## A F F I D A V I T

JUL 02 '93 PM

AURELIA
Clerk of the Circuit Court
CRIMINAL DIVISION

I, Cory Robinson, being first duly sworn upon oath, deposes and state that he has read the following and that it is true and correct in fact and in substance.

1. That I am the affiant in the attached cause of action and presently am incarcerated at the Stateville Correctional Center, P.O. Box 112, Joliet, Illinois 60434-0112.

2. That I mailed a copy of the Petition To Vacate Judgment and Motion To Proceed In Forma Pauperis And To Appoint Counsel to the State's Attorney and the Clerk's Office at Cook County, Illinois.

3. That I requested acknowledgment of the above-named.

/s/ Cory Robinson
    Mr. Cory Robinson

Subscribed and sworn to before me
this 24th day of June, 1993.

Notary Public

OFFICIAL SEAL
DAVID E. ESSENPREIS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES FEB 25, 1996

STATE OF ILLINOIS )
                  } SS
COUNTY  OF  WILL  )



AURELIA POCHOSKI
Clerk of the Circuit Court
CRIMINAL DIVISION

## A F F I D A V I T

I, <u>Cory Robinson #B-14923</u>, being duly sworn upon oath, depose and state that he has read the following and that it is true and correct in fact and in substance.

1. That I am the affiant in the attached cause of action and presently I am incarcerated at the Stateville Correctional Center, P.O.Box 112, Joliet, Illinois.

2. That I am the co-author of this PETITION TO VACATE JUDGMENT with the assistance of a Stateville Law Clerk, a legal Advocate with the Illinois Department Of Corrections legal Clinic.

/s/ _Cory Robinson_

Mr. Cory Robinson #B-14923
Stateville Correctional Ctr.
P.O.Box 112
Joliet, Illinois 60434-0112

Sworn To Before Me This
24th day of June 1993.

_David E. Essenpreis_
NOTARY PUBLIC

OFFICIAL SEAL
DAVID E. ESSENPREIS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES FEB 25, 1996

STATE OF ILLINOIS   )
                    )  SS:
COUNTY OF C O O K   )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE            )
STATE OF ILLINOIS,           )
                             )
            Plaintiff;       )
                             )
        -vs-                 )       Case No. 89 CR 7299
                             )
CORY ROBINSON,               )
                             )
            Defendant.       )

### MOTION TO VACATE

REPORT   OF   PROCEEDINGS   of the hearing before
the Honorable FRANCIS   J.   MAHON,   on   the   24th   day of
September, 1993.

APPEARANCES:

> HON. JACK O'MALLEY,
>   State's Attorney of Cook County, by
> MS. JOY PEIGEN,
>   Assistant State's Attorney,
>   appeared on behalf of the People;

> MS. RITA FRY,
>   Public Defender of Cook County, by
> MR. OWEN GREENBERG,
>   Assistant Public Defender,
>   appeared on behalf of the Defendant.

JERRY L. MARTIN, CSR
Official Court Reporter
5600 Old Orchard Road - 204
Skokie, IL  60077

### EXHIBIT D

B - 1

1      THE CLERK:   Cory Robinson.

2      THE COURT:  Let the record show that the Motion to

3  Vacate is untimely filed and, therefore, will be denied.

4              And I am going to ask the Public Defender

5  to please write this man and tell him it has been

6  denied.

7      MR. GREENBERG:  I believe Jan said she was going to

8  do that.

9                      (Which were all proceedings had

10                      on said cause on this date.)

B -   3

STATE OF ILLINOIS    )
                     )    SS.
COUNTY OF C O O K    )


        I, Jerry L. Martin, C.S.R. No. 84-00503, an Official Court Reporter for the Circuit Court of Cook County, Criminal Division, do hereby certify that I reported in shorthand the proceedings had on the hearing of the above-entitled cause; that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the proceedings had before the Honorable FRANCIS J. MAHON,

Judge of said Court.


                _____
                Official Court Reporter


Dated this 23rd day
of March, 1995.


                  4
        B -

March 5, 1996

No. 1-95-0291

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Appellee, | ) <br> ) <br> ) <br> ) | Appeal from the<br>Circuit Court of<br>Cook County. |
| v. | ) <br> ) | No. 89 CR 7299 |
| CORY ROBINSON,<br>Defendant-Appellant. | ) <br> ) <br> ) | Honorable<br>Francis Mahon,<br>Judge Presiding. |

ORDER

Defendant appeals from the dismissal of his motion to vacate his guilty pleas to murder, attempted murder, and residential burglary, for which he was sentenced to concurrent prison terms, respectively of 45, 30, and 10 years.

The public defender of Cook County, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel. A brief in support of the motion has been submitted pursuant to Pennsylvania v. Finley (1987), 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990, in which counsel states that there are no appealable issues in the case.

We have carefully reviewed the record in this case and the aforesaid brief in compliance with the mandate of Pennsylvania v. Finley and find no issues of arguable merit. Therefore, the

EXHIBIT E

1-95-0291

motion of the public defender for leave to withdraw as counsel is
allowed and the judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, J., with WOLFSON and BRADEN, JJ., concurring.

2

IN THE

CIRCUIT COURT OF COOK COUNTY

COUNTY DEPARTMENT-CRIMINAL DIVISION

F I L E D

OCT 2 0 2003

DOROTHY BROWN
CLERK OF THE COURT

CORY ROBINSON,                    )
                                  )
            Petitioner,           )
                                  )
      -vs-                        )          Case No. 89 CR 7299
                                  )
PEOPLE OF THE STATE OF ILLINOIS,  )
                                  )
            Respondent            )

## PETITION FOR A CORRECTIVE MITTIMUS/MOTION FOR NUNC PRO TUNC ORDER

Comes, Cory Robinson, (hereinafter petitioner), acting in Propria Persona, who respectfully moves this Court for an Order specifically instructing the Illinois Department of Corrections/Illinois Prisoner Review Board not to apply the Mandatory Supervised Release term of imprisonment to petitioner's sentence of (45) years, insofar as, the mandatory parole term was not a part of his negotiated plea bargain.  In support thereof, petitioner states as follows:

1.      Petitioner is currently incarcerated at the Dixon Correctional Center, Dixon, Illinois, serving a sentence of (45) years based upon a conviction for murder, attempted murder and burglary.  This sentence was imposed upon petitioner as a result of a negotiated plea bargain, between he, the State Prosecutor and the trial judge.  As a result of this plea bargain, the Honorable Francis Mahon took an active role in the plea bargain process.  The Honorable Francise Mahon imposed a sentence of (45) years without any admonishments as to the mandatory supervised release term.  The sentences were imposed on June 13, 1991.

EXHIBIT F

1

2.    Petitioner maintains that by virtue of the trial court participating in his negotiated plea bargain, the court should have admonished him concerning the mandatory parole term. However, at no time, did the trial court determine that the mandatory supervised release should be apart of petitioner's sentence; had the court determined that it was to be apart of petitioner's sentence, the trial court would have certainly told petitioner about the mandatory parole term; petitioner in fact was unaware of a mandatory parole term and had petitioner known of the additional term, petitioner would not have plead guilty.

3.    The attached trial records clearly show during the colloquy between petitioner and the trial court, that the trial court never explained to the petitioner concerning the mandatory supervised release.

4.    Petitioner was under the impression that his negotiated plea resulted in a term of (45) years imprisonment, not (48); as the Illinois Department of Corrections/Illinois Prisoner Review Board will attempt to impose a three (3) year term of Mandatory Supervised Release upon petitioner at the completion of his sentence, in essence, enhancing petitioner's sentence beyond the negotiated plea bargain, if this Court does not intervene into this matter.

WHEREFORE, petitioner asks that this Court will enter an order correcting the mittimus so that the record will reflect that of a sentence of (45) years minus any mandatory supervised release.

Respectfully submitted,

Cory Robinson
pro se
Register Number: B-14923
P. O. Box 1200
2600 N. Brinton Ave
Dixon, Il 61021

Dated: October _07_, 2003

STATE OF ILLINOIS          )
                           )       ss
COUNTY OF LEE              )


## A F F I D A V I T


I, Cory Robinson, being first duly sworn upon oath, deposes and avers that the foregoing Petition for Corrective Mittimus/Order for a Nunc Pro Tunc is made in good faith and is true and correct in substance and in fact.


_____
Affiant: Cory Robinson, pro se



SUBSCRIBER AND SWORN TO BEFORE ME

THIS __7__ DAY OF OCTOBER, 2003

_____
NOTARY PUBLIC

```
"OFFICIA    EAL"
JANET L. KU NICKY
Notary Public,      of Illinois
My Commiss        /31/2004
```

3

## MEMORANDUM OF LAW IN SUPPORT OF THIS PETITION

On June 13, 1991, petitioner appeared before the Honorable Francis Mahon to enter a plea   of guilty in exchange for a negotiated plea term of (45) years imprisonment for murder, attempted murder, and burglary. However, the facts that lead up to and resulted in petitioner pleading guilty are as follows:  After numerous of plea conferences in which petitioner's attorney Mr. George Howard informed petitioner than an offer of (80) years had been made to him on June 20, 1990, petitioner informed Mr. Howard that he would not accept the (80) years offer. On September 20, 1990, another plea conference was held and the offer of (60) years imprisonment was offered to the petitioner. Petitioner asked his attorney could the offer be lower, and his attorney stated no. Petitioner then refused the offer. After Mr. Howard, continually refused to show up for mandatory hearings, petitioner dismissed his attorney and asked the Court to appoint one to him. The Court appointed Elly Sophier on December 12, 1990.

After numerous conferences having taken place between the petitioner and the Court, on June 13, 1991, petitioner's attorney, Mr. Sophier, informed petitioner that an offer of (50) years was now being made to him to plea   guilty. Petitioner again refused to accept this offer of (50) years. Then Mr. Sophier came back with an   offer of (45) years, in which he informed petitioner that this was the final offer, and that the offer was not going to be any lower. Petitioner agreed to the offer of (45) years by the Honorable Mahon.

On June 13, 1991, the day of the latest conference, petitioner entered into a plea of guilty. The Court informed him of the charges and the minimum and maximum terms of possible imprisonment. The Court asked petitioner if any threats or violence had been made against him. The Court accepted petitioner's plea of guilty. The Court stated: "pursuant to the conference the court hereby sentences you to (45) years imprisonment." (see the attached copies). At this point, the prosecution interrupted the court. The prosecution acknowledges the conference and again made notes of their disagreement with the negotiated plea.

C00010



The Court then asks if the defense had anything to state in mitigations. At which time the defense attorney also acknowledged the conference and asks the Court too ratify its offer and sentence the petitioner as it said it would. After another interruption by the prosecution the court insisted that he thought that "its an adequate sentence." The court then proceeded to sentence petitioner to a term of (45) years for murder, (30) years for attempted murder, and (10) years for burglary, all sentences to run concurrently. Finally, the court informed the petitioner of his right to appeal.

There is little doubt that the original trial court did not inform petitioner of the mandatory supervised release terms. Petitioner asserts that it is well established that the trial court shall affix the minimum and maximum duration of imprisonment, including any period of supervised release; not the Illinois Department of Corrections nor the Illinois Prisoner Review Board and the court shall adhere to those provisions as provided by law for such crime. Thus, if the trial court wanted to make petitioner do a mandatory term of supervised release after the completion of the judicially imposed sentence, then the trial court would have said so during the course of the sentencing hearing. Therefore, petitioner asks this Court to address two propositions: a) whether such imposed sentence upon petitioner met the requirements long held by the court throughout the State of Illinois and proscribed by statute to be essential i.e., the judgment and sentences must be definite and certain?; and b) whether the power given to the IDOC/IPRR to attach upon completion of petitioner's sentence amounts to vesting in an administrative body judicial powers and functions.

In petitioner's case, the record indicates the trial judge did state in open court the term of the plea agreement in which he concurred. As noted in the transcripts, the trial court in ascertaining whether the guilty plea was made voluntarily stated that pursuant to the plea agreement he "would sentence petitioner to (45) years."

C00011



It is a well-established axiom of law that a court may not modify lost jurisdiction of a case, but it may correct the record to make it accurately reflect the judgment that was in fact entered. People v. Adams, 144 Ill.2d 381, 394, 581 N.E.2d 637 (1991). The power to do so extends to the amendment of a mittimus. Baker v. Department of Corrections, 106 Ill.2d 100, 106, 477 N.E. 2d 686 (1985), which can be accomplished at any time. People v. Anderson, 407 Ill. 2d 503, 505, 95 N.E. 2d 366 (1950).

Petitioner merely asks this Court to vest in its authority to enter an order amending the mittimus in this case to reflect that which was previously done and to implement the judgment it had originally entered.

Petitioner argues that his due process rights are violated where the trial court failed to admonish him that there would be an additional three (3) years to his negotiated plea of guilty. Thus, had the court done so, petitioner would have done as he had previously done i.e., held out for a better-imposed sentence. Retrospectively, where the court was offering petitioner initially (80) years, petitioner refused those sentences and instead negotiated down to a sentence of (45) years. Thus, petitioner maintains that after the completion of his sentences, the Illinois Department of Corrections nor the Illinois Prisoner Review Board has any authority to impose a mandatory parole term, insofar as, the mandatory parole term was not a part of the petitioner's originally negotiated plea bargain. It is fundamental that "a sentence should be *** so complete that it will not be necessary for a non-judicial or ministerial officer to supplement the written words to ascertain its meaning. "People v. Walton, 118 Ill.2d 334, 333, 254 N.E.2d 190 (4th Dist. 1969). There is no difficulty with the sentencing judgment. It is clear that Judge Mahon intended that the petitioner should be sentenced to (45) years imprisonment, with no additional mandatory parole term. The language of the trial court was clear and unambiguous in this case. Thus, the mittimus should reflect that of a conviction for murder, attempted murder, and burglary with the

C00012

sentence of (45), 30 and 10 years respectfully, without any imposition of a mandatory three years parole term.

It is most important here that the court recognize that petitioner entered into a negotiated guilty plea. Therefore, the State of Illinois was under direct obligation to uphold their side of the bargain. Petitioner must be offered some measure of due process. The United States Supreme Court has held that "Due Process emphasizes fairness between the State [of Illinois] and the individual dealing with the State." Ross v. Moffitt, 417 U.S. 600, 609, 94 S.Ct. 2437 (1974).

There is little doubt that the original trial court erred in this case by not fully explaining the ramifications of the Mandatory Parole release to petitioner. The situation is equally compounded however, by the Illinois Department of Corrections and the Illinois Prisoner Review Board attempting to impose an additional parole term upon the petitioner after the completion of his sentence. The trial court omitted the most important admonishments after conviction and sentencing i.e., explaining the parole ramifications. It was the trial court's duty to explain to petitioner these fundamental procedures. See, United States ex rel. Baker v. Finkbeiner, 551 F.2d 180, 183 (7th Cir. 1977). Petitioner is entitled to be properly admonished of the consequences of the acts, "whether they are entering a plea of guilty or ... for a bench trial." People v. Jones, 212 Ill.App.3d 570-74, 571 N.E.2d 278 (5th Dist. 1991).

Petitioner concedes that the court's lack of admonishments were equally important, insofar as to lessen the chances of confusion on the part of the petitioner "down the road" and coincidently, the chance of a successfully post trial appear on this point. Thus, had the trial court taken a few minutes to explain to petitioner the ramifications of the parole; potentially saving this current court many hours of dealing with this situation. However, the trial court did not adhere to these most basic fundamental procedures. Thereby imposing unfairness upon petitioner instantaneously. Petitioner submits that the burdens of this mandatory parole term cannot be overlooked as being inconsequential. Furthermore, the

C00013

original sentence as petitioner argues in advance of any potential argument by the respondent, which may argue, that this was bargain sentence. Petitioner negotiated for a sentence of (45) years, not (48) years.

In People ex rel. Martin v. Mallary, 195 Ill. 582, 63 N.E.2d 508 (1902), our supreme court held that "[i] n the administration of the criminal laws of the State of [Illinois] there is no power outside of the courts to authorize the punishment of a person for crimes by confinement ... and the Constitution expressly inhibits any person of one department of government from exercising any power properly belonging to either of the other. "Id. See also, Black's Law Dictionary, (6th Edition, 1290 (1990) ), which defined release as: "liberation, discharge, or setting free from restraint or confinement. " Id. In reality, the petitioner is not released from confinement. He will only be released from one form of confinement to serve another form of confinement and or restraint. Petitioner could serve up to 22½ years confinement, when the law clearly states that he should only serve 19 ½ years on a (45) years sentence at day for day.

Petitioner argues that the Illinois Department of Correction are not vested with authority to impose a term of mandatory parole where the trial court did not admonish the petitioner of those terms during his negotiated plea. The power to change petitioner's sentence is only vested in the trial court; not the Illinois Department of Corrections nor the Illinois Prisoner Review Board. The Facts in this case are undisputed in that the trial court failed to admonish petitioner during the course of a sentencing hearing and therefore, such admonishments must be made part of the record and any action by the Illinois Prisoner Review Board or the Illinois Department of Corrections stemming there from in changing the duration are void.

Petitioner submits that in order to make operational the statuory provisions governing petitioner's term of mandatory parole, the legislature had to intend that petitioner's mandatory parole term be "inclusive" with the judicially imposed sentence of (45) years and not applied after the petitioner completes his judicially

C00014

imposed sentence with day for day conduct credits governed under section 3-6-3 (a) (2). The respondent's application to do so would subject petitioner to an "enhanced" sentence without due process of law, and it has delegated judicial powers to an administrative body i.e., the Illinois Prisoner Review Board to reconfine and or restrict petitioner's liberty if the mandatory parole term revocation occurs, beyond the judicially imposed sentence.

Finally, the application of a mandatory parole term to the petitioner's sentence after he has completed the maximum judicially imposed sentence cannot be what legislature intends, where the mandatory term can be interpreted to be made "inclusive" with the petitioner's imposed sentence. If the mandatory parole term in petitioner's case is applied after petitioner completes his judicially maximum imposed sentence, then section 730 ILCS 5/5-3-6-3 (a) (2) (West 2000), cannot operate. See also, 730 ILCS 5/5-3-9 (a) (i) (b) (West 2000). Therefore, when the duration of petitioner's imprisonment has expired in accordance with the court's judgment, there is no discretion in the Illinois Department of Corrections and Illinois Prisoner Review Board to impose a mandatory parole term and petitioner must be completely discharged. The power to impose sentence as a punishment for a crime is purely judicial. The sentence must be definite and certain. As such it is final, subject only reviewed by the state courts i.e., the Illinois Appellate and Supreme Courts.

C00015

IN THE

CIRCUIT COURT OF COOK COUNTY

COUNTY DEPARTMENT CRIMINAL DIVISION

| | |
|---|---|
| CORY ROBINSON, | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| | )    Case No. 89 CR 7299 |
| -vs- | ) |
| | ) |
| PEOPLE OF THE STATE OF ILLINOIS | ) |
| Respondents | ) |

## O R D E R

IT IS HEREBY ORDERED that the mittimus issued in the above-entitled cause be corrected to reflect the original sentence of (45) years minus any mandatory parole term of parole.

_____

CHIEF PRESIDING JUDGE:

DATED: _____

C 0 0 0 8 1

10

<u>APPENDIX</u>

C 0 0 0 8 2

K14923

THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DEPARTMENT

(County)                    (Municipal)        (Division)                    (Dist)

People of the State of Illinois
v.
Defendant
CORY ROBINSON

No. 89 C R - 7299

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _____ CORY ROBINSON _____
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

6-13-91    JUDGMENT    ENTERED    ON    THE

FINDING    OF    GUILTY

DEFT    SENT    TO    45 YRS    IDOC    FOR MURD

30 YRS    (ATT MURDER)    &    10 YRS    RES BURG    ALL CONCUR

CREDIT    FOR    TIME    SERVED

MIT    TO    ISSUE    ON    6-24-91

CREDIT    FROM    3-13-89    to    6-13-91

|  |  | Ill. Rev. Stat. |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| Offense | MURDER | Ch. | 38 | Sec. | 9-1 | Par. | A(1) |
| Offense | ATT (MURDER) | Ch. | 38-8-4 / 38 | Sec. | 9 | Par. | 1 |
| Offense | RES BURG | Ch. | 38 | Sec. | 19 | Par. | 3 |
| Offense |  | Ch. |  | Sec. |  | Par. |  |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

PREPARED BY: _____
                    Deputy Clerk

DATED: 6-13-91    BRANCH CT. SKOKIE    ENTER: _____
                                                                    Judge        CODE

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. ___ 638271 ___    Illinois Bureau Identification No. _____

C000083



June 20, 1990

STATE OF ILLINOIS   )
                          )   SS.
COUNTY OF C O O K   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     COUNTY DEPARTMENT - CRIMINAL DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE | ) | |
| STATE OF ILLINOIS | ) | Case No. 89 CR 7299 |
| vs. | ) | |
| | ) | |
| CORY ROBINSON | ) | |

***REPORT OF PROCEEDINGS***

BE IT REMEMBERED that the above-entitled cause came on for hearing before the Honorable FRANCIS MAHON, Judge of said Court, on the 20th day of June, A.D., 1990.

APPEARANCES:
     MR. JACK O'MALLEY,
       State's Attorney of Cook County, by:
     MR. KEVIN MOORE,
       Assistant State's Attorney,
         on behalf of the People:


     MR. GEORGE C. HOWARD,
       Attorney-at-Law,
         on behalf of the Defendant.

Linnea Kelly
Official Court Reporter    CSR No. 084-001543
5600 Old Orchard Road
Skokie, IL   60077

1

C 0 0 0 8 4

1       THE CLERK:  Cory Robinson.

2       MR. HOWARD:  For the record my name is

3  George C. Howard representing the defendant, Cory

4  Robinson, who is before the Court.  I would like

5  to have a conference, your Honor, with the Court

6  and Counsel in this matter.

7       THE COURT:  Mr. Robinson, do you understand

8  what Mr. Howard said?

9       THE DEFENDANT:  Yes, I do.

10      THE COURT:  I'm going to ask you some

11  questions.  I want you to answer yes or no.  If

12  you do not understand any question or any part of

13  it, if you indicate that to me I'll try to

14  explain it to you.

15           You're charged with murder and

16  other things.  You understand what those are?

17      THE DEFENDANT:  Yes, sir.

18      THE COURT:  First of all I want you to know

19  the purpose of a conference is to try to receive

20  an agreement as to a sentence that you would

21  accept.  You understand that?

22      THE DEFENDANT:  Yes, sir.

23      THE COURT:  You always have a right to

24  trial.  No one's going to force you to do

C00085

1    anything.  You also understand that?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  In order for me to engage in a

4    conference it's necessary that I learn the facts,

5    the evidence.  I know nothing about your case at

6    the present time except the charges.  Once I

7    learn those details you cannot ask for another

8    judge.  Do you understand that?

9         THE DEFENDANT:  Yes, sir.

10        THE COURT:  You want us to have a conference

11   to try to settle your case?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  Thank you.  We'll do that.

14        ( Whereupon, the case was passed and there

15   were no further proceedings reported in the

16   above-entitled cause on this date.)

17

18

19

20

21

22

23

24

3

1

2   STATE OF ILLINOIS    )
                         )   SS.
3   COUNTY OF C O O K    )

4

5

6                        I, LINNEA KELLY, Official Court

7   Reporter of the Circuit Court of Cook County,

8   County Department-Criminal Division, do hereby

9   certify that I reported the proceedings had in

10  the above-entitled cause, that I thereafter

11  proceeded to transcribe the foregoing transcript,

12  which I hereby certify is a true and correct

13  Report of Proceedings.

14

15

16

17

18                      _____

19

20                      LINNEA KELLY, Official
                        Court Reporter of the
21                      Circuit Court of Cook
                        County, County Department
22                      CSR No. 084-001543

    Dated this ___11th___ day of ___August___, 2003.
23

24

4

C00088

*April 24, 1991*

```
STATE OF ILLINOIS      )
                       )   SS.
COUNTY OF C O O K      )
```

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
#### COUNTY DEPARTMENT - CRIMINAL DIVISION

```
THE PEOPLE OF THE       )
STATE OF ILLINOIS       )   Case No. 89 CR 7299
                        )
     versus             )
                        )
CORY ROBINSON           )
```

### ***REPORT OF PROCEEDINGS***

BE IT REMEMBERED that the above-entitled cause came on for hearing before the Honorable FRANCIS MAHON, Judge of said Court, the 24th day of April, A.D., 1991, Courtroom Q.

```
     APPEARANCES:
          HON. JACK O'MALLEY,
            State's Attorney of Cook County, by:
          MR. EDWARD HANSEN,
            Assistant State's Attorney,
               on behalf of the People:

          MS. RITA A. FRY,
            Public Defender of Cook County, by:
          MR. ELLY SOPHIER,
            Assistant Public Defender,
               on behalf of the Defendant.
```

```
Elaine Vivirito, C.S.R. No. 084-000469
Official Court Reporter
5600 Old Orchard Road, Room 204
Skokie, IL   60077
```

C 00089

1          THE CLERK:   Cory Robinson.

2          MR. SOPHIER:   Your Honor, Cory Robinson is

3     present before the Court on 89 7299.   Your Honor,

4     as the State on the last date, we're requesting a

5     pretrial conference today.

6          THE COURT:   Mr. Robinson, your lawyer believes

7     there is a possibility of settling your case

8     without an trial.   In other words, in exchange for

9     a plea of guilty to some charge or charges you

10    would receive a sentence that you would agree to.

11    Do you understand that?

12         THE DEFENDANT:   Yes.

13         THE COURT:   He's already been admonished.

14         MR. SOPHIER:   I believe so, Judge.

15         THE COURT:   You're charged with murder for

16    which you could receive a minimum of twenty and --

17    Sixty is it now?

18         MR. HANSEN:   No, Judge.   This is a potential

19    death case.

20         THE COURT:   Potential death case.   Okay.   And

21    I'm going to re-admonish you.

22               You also have a right to a trial as you

23    know.   Nobody is going to force you to do

24    anything.   Do you understand that?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  Now, in order for me to engage in

3  a conference, perhaps I have already done it, but I

4  don't recall what the facts were, but once I

5  refresh my memory on those facts, you can not ask

6  for another Judge.  Do you also understand that?

7       THE DEFENDANT:  Yes, sir.

8       THE COURT:  Do you want us to have a

9  conference and try to settle your case?

10       You always have a right to trial.  No one

11  is going to force you to do anything.  Do you

12  understand that?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  And I mean it.

15       Okay.  We'll pass it and we'll see what

16  we can do.

17       (The above-entitled cause was passed

18        and later recalled.)

19       THE CLERK:  Cory Robinson.

20       THE COURT:  What date do you want?

21       MR. SOPHIER:  If it's next week, maybe May 1

22  or next Wednesday.

23       THE COURT:  May 1.  Fine.

24       MR. SOPHIER:  Your Honor, Cory Robinson is

1    again present before the Court and we'd be

2    requesting a one week status date.

3         THE COURT:  Conference resumed.  Continued by

4    agreement to 5-1.

5         MR. SOPHIER:  Thank you, Judge.

6         THE COURT:  There will be no more

7    conferences.  After that date it will be set for

8    trial.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

C00092

STATE OF ILLINOIS    )

                     )    SS.

COUNTY OF C O O K    )


               I, ELAINE VIVIRITO, CSR 84-469,

Official Court Reporter of the Circuit Court of

Cook County, County Department-Criminal Division,

do hereby certify that I reported the proceedings

had in the above-entitled cause, that I thereafter

proceeded to transcribe the foregoing transcript,

which I hereby certify is a true and correct Report

of Proceedings.




                    _____

                    ELAINE VIVIRITO,

                    Official Court Reporter



Dated this 14th  day

of   August,  2003.

 *June 13, 1991*

STATE OF ILLINOIS )
                   ) SS.
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE     )
STATE OF ILLINOIS,    )
                     )
       Plaintiff,   )
                     ) Case No. 89CR-7299
     VS            ) Courtroom Q - Skokie
                     )
COREY ROBINSON,     )
                     )
       Defendant.   )

REPORT OF PROCEEDINGS of the hearing
before the Honorable FRANCIS MAHON, Judge of said
Court, on June 13, 1991.

APPEARANCES:

HON. JACK O'MALLEY,
   State's Attorney of Cook County, by:
MR. EDWARD HANSEN,
   Assistant State's Attorney,
   for the People of the State of Illinois;

MR. RANDOLPH STONE,
   Public Defender of Cook County, by:
MR. ELLY SOPHIER & MR. DONALD ZUELKE,
   Assistant Public Defenders,
   for the Defendant.

Marcie Leone, CSR #084-001348
Official Court Reporter
5600 Old Orchard Rd. Rm. 204
Skokie, Illinois 60077

1

C 0 0 0 9 5

1        THE CLERK:  People of the State of Illinois

2    versus Corey Robinson.

3        MR. SOPHIER:  Corey Robinson is present

4    before the Court on 89-7299 represented by the

5    Officer of the Public Defender through Assistant

6    Public Defenders Elly Sophier and Don Zuelke, who

7    are present in court.

8            The matter has been re-conferenced, and

9    based upon the Court's offer of forty-five years

10   in the Department of Corrections, Mr. Robinson is

11   seeking to enter a plea of guilty.

12       THE COURT:  Now, Mr. Robinson, for murder

13   you could receive a minimum of twenty and a

14   maximum of sixty years in the penitentiary.  Do

15   you understand that?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  For attempted murder you could

18   receive a minimum of six and a maximum of thirty

19   years in the penitentiary.  Do you understand

20   that?

21       THE DEFENDANT:   Yes.

22       THE COURT:  And the residential burglary is

23   a Class 1 felony for which you could receive a

24   minimum of four and a maximum of fifteen years in

C00096

1    the penitentiary.  Do you understand that?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  By pleading guilty you're giving

4    up your right to remain silent and require the

5    State to prove you guilty beyond a reasonable

6    doubt.  Do you also understand that?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  By pleading guilty you're giving

9    up your right to any trial whatsoever.  And I

10   have in my hand a form which is entitled a jury

11   waiver.  It appears to bear your signature.  I

12   show it to you and ask if that's your signature.

13        THE DEFENDANT:  Yes.

14        THE COURT:  Do you know what a jury waiver

15   is?

16        THE DEFENDANT:  Yes.

17        THE COURT:  By pleading guilty you're giving

18   up your right to a trial, you're giving up your

19   right to cross examine any witnesses who would

20   testify against you, and you're giving up the

21   right to present any witnesses or any evidence in

22   your own behalf.  Do you also understand that?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  You are pleading guilty to these

3

C00097

1    charges after discussing it with your attorneys

2    and believing under the circumstances they gave

3    you good advice; is that right?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Has anybody threatened you with

6    any violence or has there been any actual

7    violence in any way exerted against you in order

8    to have you change your plea?

9         THE DEFENDANT:  No, sir.

10        THE COURT:  Let the record show sufficient

11   facts were disclosed during the course of several

12   conferences.  There will be findings of guilty

13   and judgment entered on the findings.

14             Let the record further show that

15   there's a pre-sentence report obtained sometime

16   during your incarceration, and there has been

17   amendments to it as of this date.

18             Pursuant to the conference, then, the

19   Court hereby sentences you to --

20        MR. HANSEN:  Just briefly for the record as

21   far as aggravation, Your Honor, as the Court has

22   stated, there were numerous conferences and the

23   Court is aware of what the evidence would show in

24   this case, which was in fact that he went to 3024

C00098

4

1    North Halsted because he was angry with his

2    girlfriend Tanya Smith.  And in fact at that time

3    he cut Tanya Smith's throat.

4            Fortunately she survived, but we

5    believe the evidence would in fact show, as we

6    told the Court, that at that time Mr. Robinson

7    believed that he in fact had killed his

8    girlfriend Tanya Smith, and he then went in the

9    other room and stabbed to death Stacy Sanders.

10   He stabbed her approximately twenty times,

11   causing her death.

12           And it has been our position at the

13   conferences and it remains our position that we

14   believe that under the facts and evidence of this

15   case, that the defendant would be eligible under

16   the statute of this state for the death penalty.

17   And in fact it has been our position that under

18   the circumstances and evidence of this case, that

19   that would be our recommendation and was our

20   recommendation at the conference.

21       THE COURT:  Now I want you to tell me all

22   the things in mitigation.

23       MR. SOPHIER:  Judge, Corey Robinson is a

24   young man who had been under a great deal of

C00099

1      stress at the time this occurrence happened.
2      He's a young man who has two years of college.
3              He had a relationship at various times
4      with both Tanya Smith, who's one of the victims
5      in this case, as well as another woman.  He was
6      the father of a young child, Judge, and as I have
7      made the Court aware in the conferences, he had a
8      wonderful relationship with the child.
9              What happened here is an incredible
10     tragedy, Your Honor.  Mr. Robinson was told that
11     he would lose all contact with his child.  This
12     is a child who, numerous people have told me,
13     Mr. Robinson had spent all his free time, all his
14     money -- he was employed -- on this child.  It
15     was a child who was literally the light of his
16     life.  He was in a position, because of what Ms.
17     Smith had done in contacting the mother of his
18     child, that he was about to lose all that.
19             When Mr. Robinson went to this house,
20     Judge, I don't believe for a moment that
21     Mr. Robinson went to that house with this in
22     mind.  But he was under a tremendous amount of
23     emotional stress because he believed he was about
24     to lose the one thing that he held most dear in

6

C00100

1    the world, his young son.  And when he arrived at

2    the house and tried to straighten this out with

3    Ms. Smith and that wasn't going to happen, I

4    believe, Judge, that all of the emotional strain,

5    all of this just boiled over.

6            Judge, I have spoken with Ms. Smith,

7    who is one of the complainants here who was

8    injured very badly in this case.  She has told me

9    she doesn't want to see anything bad happen to

10   Corey.  She has told me that in the time that she

11   spent with Corey, she knew him as a person who

12   had nothing but a good heart, never did a bad

13   thing to her, never mistreated her, and that she

14   still loved him and cared for him.  In her words,

15   this is a person worth saving.

16           And Judge, I have come to know Corey

17   Robinson over the period of time that I have been

18   involved with the case.  And Judge, from

19   everything and everyone that I have talked to who

20   knows Corey Robinson, who is related to him, who

21   has had contact with him, including personnel at

22   the jail who have stopped me during visits to

23   Corey and volunteered to come in and say a good

24   word for Corey to me, I think this is a person

C00101

1    that's worth saving here.

2         I would ask the Court to take all this

3    into account and ratify Your Honor's offer and

4    sentence as you said you would.

5         THE COURT:  Let the record further show that

6    the pre-sentence investigation report indicates

7    that except for some arrests for misdemeanors,

8    this is the only case, the only record.

9         MR. HANSEN:  That isn't quite correct.

10        THE COURT:  What is it?  That's all I have.

11        MR. HANSEN:  The pre-sentence investigation

12   shows that down in Urbana, Illinois, Judge, the

13   defendant was convicted of forgery.

14        MR. SOPHIER:  Something about a check in

15   Champaign when he was in school.

16        THE COURT:  All right.

17        MR. HANSEN:  Also, he was convicted of a

18   misdemeanor battery in '85 and sentenced to

19   twelve months probation and a $100 fine.

20        THE COURT:  I said misdemeanors.

21        MR. HANSEN:  That's true, but he does have a

22   prior felony conviction also.

23        THE COURT:  Anyhow, he has very little

24   record.  And I have thought about this case for

8

C00102

1    over a period of six months, and I think that
2    it's an adequate sentence.

3              Pursuant to the conference, I sentence
4    you to forty-five years for the murder, I
5    sentence you to thirty years on the attempt
6    murder, and on the residential burglary I
7    sentence you to ten years, all to run concurrent,
8    which means at the same time.

9              You have a right to appeal.  In the
10   event you wish to appeal, you must file a motion
11   within thirty days from today's date asking that
12   everything that happened today be vacated and set
13   aside.  And if the Court allows the motion, you
14   would go to trial on the charges as originally
15   alleged against you in the information or
16   indictment.  Do you understand that?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  You also would have to file a
19   notice of appeal with the Clerk of the Court
20   within thirty days.

21              If you could not afford an attorney,
22   one would be appointed to you free of charge.
23   You would also be given a copy of the transcript
24   of any proceedings necessary to perfect your

1    appeal.

2              Do you understand all that?

3         THE DEFENDANT:  Yes, sir.

4         THE COURT:  Any reason to stay the mitt?

5         MR. SOPHIER:  Could he have a two-week

6    stay?

7         THE COURT:  6-24.  Mitt to issue 6-24.

8         MR. SOPHIER:  I would ask that the mittimus

9    reflect that Mr. Robinson be given credit for the

10   time he's been in custody from the date of his

11   arrest.  That date was March 13, 1989, I believe,

12   Judge.

13        THE COURT:  Okay.  That will be the order.

14

15

16

17

18

19

20

21

22

23

24

C00104

10

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
      COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE          )
STATE OF ILLINOIS          )
                           )
      VS                   )
                           )
COREY ROBINSON             )

        I, Marcie Leone, Official Court
Reporter for the Circuit Court of Cook County,
Cook Judicial Circuit of Illinois, do hereby
certify that I reported in shorthand the
proceedings had in the above-entitled cause; that
I thereafter caused the foregoing to be
transcribed into typewriting, which I hereby
certify to be a true and accurate transcript of
the proceedings had before the Honorable FRANCIS
MAHON, Judge of said Court.

        _____
        Marcie Leone, CSR# 084-001348


Dated this 26th day
of November, 2002.

C00105

IN THE CIRCUIT COURT FOR THE _____ JUDICIAL COURT
COOK
_____ COUNTY, ILLINOIS

CORY ROBINSON, _____,          )
    Petitioner,                          )
      v.                                  )          No. __89 cr 7299__
PEOPLE OF THE STATE OF ILLINOIS,      )
    Respondent.                          )

---------------------------------------------------------------

## APPLICATION TO SUE OR DEFEND AS A POOR PERSON

Applicant, __C. ROBINSON,__ _____, respectfully requests the Court, pursuant to Illinois [ see 735 ILCS 5/5-105] and Rule 298 of the Illinois Supreme Court, to grant (him/~~her~~) leave to (~~sue~~/defend) as a poor person; in support applicant states that the following facts are true in substance and in fact:

1. I am the (Petitioner/~~Respondent~~)in the above captioned legal proceedings.

2. I am a poor person and unable to (prosecute/~~defend~~)this action and am unable to pay the costs, fees and expenses of this action.

3. My occupation or means of subsistence:

    (a) I am not currently employed due to my imprisonment at __DIXON__ Correctional Center but I receive (a state stipend/~~nominal~~ wages) of $__30.00__ per month.

    (b) The amount and source of all other income or support are:
      __NONE__

4. My total income for the preceding year was $ __150.00__.

5. The sources and amount of income expected by me hereafter are:
    __NONE__

6. The nature and current value of any property, real or personal, owned by me:

    (a) Real Estate: __N/A__
      value: __N/A__

    (b) Motor Vehicle: __N/A__
      value: __N/A__

    (c) Cash, saving, checking, etc. __N/A__
      value: __N/A__

    (d) Prison trust account: __N/A__
      value: __N/A__

    (e) Other (eg., T.V., etc.) __100.00, DEPRECIATION VALUE__
      value: __100.00__

7. No applications for leave to sue or defend as a poor person were filed by me or on my behalf during the preceding year, except as follows:
    __N/A__

8. I believe in good faith that I have a meritorious (claim/~~defense~~)

    _Cory Rob_
    (Your Signature)
    Type or print name __CORY ROBINSON__
    Register Number: _____
    __DIXON__ Correctional Center
    Box __1200__
    __DIXON__, Illinois __61021__
    (Petitioner/~~Respondent~~), Pro Se

Revised Jan 2002

105007

SUPREME COURT OF ILLINOIS
CLERK OF THE COURT
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 26, 2007


Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 105007 - People State of Illinois, respondent, v. Cory
            Robinson, petitioner.  Leave to appeal, Appellate
            Court, First District.


    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.


    The mandate of this Court will issue to the Appellate Court

on November 1, 2007.

EXHIBIT G