| | |
|---|---|
| STATE OF ILLINOIS )<br>)<br>COUNTY OF LEE ) | **FILED**<br><br>JUL 2 1 2008<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

**NOTICE OF FILING**

To: Clerk of the United States District Court
Northern District of Illinois
219 South Dearborn, 20th Floor
Chicago, Il 60604

08 C 1558

    Please take notice that on _July 14_, 2008, I, Cory Robinson, Petitioner, have placed the documents listed below in the institutional mail at Dixon Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Services: The original and two (2) copies of Petition for Reply Brief and Argument.

    Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am the named party in the above action, that I have read the above documents, and the information contained therein is true and correct to the best of my knowledge.

Date: _July 14, 2008_

/s/ _____
Cory Robinson
B-14923
Dixon Correctional Center
2600 N. Brinton Ave
Dixon, Illinois 61021-7200

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL 2 1 2008 *mB*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel CORY ROBINSON, )<br>)<br>)<br>Petitioner, )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>NEDRA CHANDLER, Warden )<br>Dixon Correctional Center, )<br>)<br>Respondent. ) | No. 08 CV-1558<br><br>The Honorable<br>Joan B. Gottschall,<br>Judge Presiding |

## REPLY BRIEF AND ARGUMENT

Pursuant to 28 U.S.C. § 2254 (5)(e), petitioner, Cory Robinson, respectively, hereby asks this Court to enter an order denying Respondents motion to dismiss, based on the Antiterrorism and Effective Death Penalty Act of 1996. In support there of, petitioner states as follows:

1. Petitioner, Cory Robinson is incarcerated at the Dixon Correctional Center in Dixon, Illinois, where he is presently in the custody of respondent, Nedra Chandler. Petitioner's prison identification number is B14923.

2. On June 13, 1991, petitioner pled guilty to first degree murder, attempted murder and residential burglary. Rule 23 order, People v. Robinson, No. 1-05-1853 (ILL.App.2007). The trial court sentenced petitioner to concurrent terms of 45, 30, and 10 yrs. imprisonment.

3. On July 15, 1991, petitioner filed a pro-se motion for reduction of sentence. Motion for Reduction of Sentence, People v. Robinson, No. 85 CR 7299, Circuit Court of Cook County. The disposition of this motion does not appear in the record.

4. On June 24, 1993, petitioner filed a petition to vacate judgment under 735 ILCS 2-1401. Petition to Vacate Judgment, People v. Robinson, No. 89 CR 7299, Circuit Court of Cook County. This petition was ruled as untimely filed and denied by the trial court. Petitioner appealed, but his appointed counsel withdrew, pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1991). Rule 23 Order, People v. Robinson, No. 1-95-0291 (Ill.App.1996). On March 5, 1996, the Illinois Appellate Court, First District, allowed appellant counsel to withdraw, and affirmed the judgment of the circuit court. Petitioner did not file an affidavit of intent to file a petition for leave to appeal with the Illinois Supreme Court, or a petition for leave to appear (PLA) in the Illinois Supreme Court.

5. On October 7, 2003, petitioner filed a "Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order". Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order, People v. Robinson, No 89 CR 7299, Circuit Court of Cook County. Appointed counsel subsequently re-characterized the petition as a postconviction petition pursuant to the PostConviction Hearing Act (735 ILCS 5/122-1, et seq.) and restricted petition to the issue of whether the trial court failed to admonish petitioner of the period of mandatory supervised release (MSR) that attached to his sentence. The trial court granted the States' motion to dismiss the post conviction petition.

6. Petitioner appealed and on June 28, 2007, the state appellate court affirmed. Petitioner filed a Petition for Leave to Appear in the Illinois Supreme Court, that the court denied on September 26, 2007. Order denying PLA, People v. Robinson, No. 105007 (ILL.2007).

7. On March 11, 2008, petitioner filed a petition for Writ of Habeas Corpus in this Court under 28 U.S.C. section 2255 (d) raising the following claims:

   a. Whether due process of the U.S. Constitution, Amendment XIV, section 1, is violated when a plea in any significant degree on a promise or argument of the prosecutor or some inducement or consideration, and such promise or agreement is not fulfill.

   b. When a "benefit of the bargain" claim is made, with regard to a guilty plea, a court may need to consider the extent to which the plea was validly entered in order to decide whether due process requires (a) that there be specific performance of the plea bargain, or (b) that the defendant be given the option to go to trial on the original charge; one alternative may do justice in one case, and the other in a different case.

   c. Whether trial Judge, by not following Illinois Supreme Court Rule 402 (d)(2) in determining a factual basis and voluntariness of petitioner's guilty plea, where petitioner has asserted that he was unaware of a Mandatory Supervised Release term and had petitioner known of the additional term, petitioner would not have plead guilty, violated petitioner's right to Due Process.

3

8. Petitioner has exhausted his state court remedies in that no state court avenues remain available by which petitioner may present the constitutional claims that he has raised in the present federal habeas corpus petition.

9. The Respondent has noted a number of exhibits, A-G, for the court's timeliness determination. The only determination that can be decided is that petitioner's final conviction pre-dates the AEDPA's effective date of April 24, 1996.

10. Respondents have asked that the instant petition for writ of habeas corpus be dismissed with prejudice as being untimely under 28 U.S.C section 2244 (d) (1), which imposes a one-year statute of limitation on the filing of § 2254 habeas corpus petition.

The statute of limitation for habeas relief is one year. Of course, what respondent fails to consider is when the clock started ticking. Under the statute, the limitations period on petitioner's claim runs from "the date on which the factual predicate of the claim or claims presented, could have been discovered through the exercise of due diligence", 28 U.S.C section 2244(d)(1)(D). Petitioner had learned of the MSR issue through word of mouth from other inmates and more convincingly, from an inmate named Ronald Whitfield who was a resident at the Dixon Correctional Center. By way of the Illinois Supreme Court, Mr. Whitfield was successful in having his sentence reduced by the 3yr. MSR term. See: People v. Whitfield, 217 ILL 177, 840 NE.2d 658, 298 ILL.Dec 545.

In the case at bar, the only evidence in the record on the point of petitioner's factual predicate of the claim is petitioner's filing of the "Corrective Mittimus/Motion for Nunc Pro-Tunc Order". There is no evidence in the record that indicates that he should have learned of the MSR period sooner. Indeed, petitioner's entire claim is based on the

failure of the trial court to inform petitioner of the additional 3yr. MSR term, Thus, the statute of limitation's began running just prior to October 7, 2003.

11. Petitioner has clearly stated in the record "petitioner in fact was unaware of a mandatory parole {MSR} term and had petitioner known of the additional term {MSR}, petitioner would not have plead guilty". "See: Original petition, "Corrective Mitimus/Motion for Nunc Pro-Tunc Order", at 2.

This is petitioner's first incarceration in an IDOC and it is undisputed that the judge never informed petitioner of the three year period of Mandatory Supervised Release ("MSR"). Thus, petitioner had no reason to believe that his prison sentence was incomplete. The court was required to inform petition of the MSR term. There is no reason to expect that petitioner knew of the MSR term. Petitioner could not have raised this MSR issue in earlier motions or direct appeal.

It was not until petitioner was in prison, sometimes while at the Dixon Correctional Center that he learned that his sentence had been increased by a 3 yr. Period of MSR. After which, petitioner promptly filed for relief and actively pursued the judicial process to this court.

12. Petitioner filed a motion for reduction of sentence in July of 1991. Motion for Reduction of Sentence, People v. Robinson, No. 89 CR 7299, Circuit Court of Cook County. The disposition of this motion is not in the records. This motion was not filed within 30 days of the plea agreement.

13. On June 24, 1993, petitioner filed a petition to vacate judgment under 735-ILCS-5/2-1401, and on March 5, 1996, the state appellate court allowed appellate counsel

5

to withdraw pursuant to Pennsylvania v. Finley, and affirmed the judgment of the trial court as being untimely. Respondent seems to have given an example of what would toll the limitation(s) period under section 2244 (d)(2). By explaining petitioner's appeal of the decision made by the circuit court in denying petition's Motion to Vacate Judgment, as being untimely, and the state appellate court affirming that decision; deciding "petitioners appeal on the merits". The case that respondent relies upon, in fact show that it was not timely filed to toll the limitations period. Petitioner's section 2-1401 was dismissed by the trial court as being untimely. The appellate court agreed and affirmed the decision of the lower court. In Smith v. Battaglia, 415 F. 3d 649, the court recognized the holding in Pace, in that a state post conviction petition that has been rejected the state court as untimely is not "properly filed" for purpose of section 2244 (d)(2). Pace v. DiGuglielmo U.S. 125 S. Ct. 1807, 161 L.Ed.2d 669 at 125 S.Ct. at 1812. In the case of petitioner, base on the findings, such a case, {Motion to Vacate Judgment} would not have served to toll the one year period for filing a federal petition for habeas corpus. Respondent also note that petitioner's conviction pre-dates the AEDPA's effective date (April 24, 1996). Thereby allowing petitioner a one-year grace period to file his habeas petition.

    14. In the Smith case, supra, 415 F.3d at 653, the court recognized the state appellate courts treatment of the merits of state prisoner's postconviction relief claim was enough to make the claim "properly filed" for purposes of statutory tolling of the one-year period for filing a federal petition for habeas corpus. 28 U.S.C. section 2244 9d)(2). In this instant case, the trial court addressed the merits of petitioner's postconviction claim. The Illinois Appellate Court also addressed the merits of petitioners claim. And

6

respondent has agreed that this was a properly filed petition that tolled the limitations period under sec. 2244 (d)(2).

15. On September 26, 2007, the Illinois Supreme Court denied petitioner's petition for leave to appeal. Then, on March 11, 2008, petitioner filed an application for a Writ of habeas Corpus. All told, no more than a maximum of 6 months elapsed while petitioner's postconviction motion and subsequent appeals were not pending. Thus, the record shows that petitioner's Petition was timely filed.

16. Petitioner has brought this habeas corpus petition in accordance with the rules governing the procedures of 28 U.S.C § 2254. Petitioner properly filed a post conviction petition with the trial court. A "properly filed application" for state postconviction relief, which will toll one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA) is one submitted according to the states' procedural rules, including the rules governing the time and place of filing. Petitioner's petition was accepted and heard. Once postconviction relief petition is initially filed in state court, then, that petition is "pending" for purposes of tolling one-year limitation period for filing federal habeas petition, as long as state court or state postconviction procedures allow for review. (28 U.S.C § 2254(d)(2)).

17. For purposes of determining whether "equitable tolling" should apply to a claim, and that a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong form. Hedges v.

7

U.S., 404 F.3d 744, 751 (2005). In the instant case, petitioner was led to believe that his "402 conferences" were legitimate plea negotiation proceedings. See: Transcripts of June 20, 1990 at 2, April 24, 1991 at 2, and June 13, 1991 at 2, 4, 8, 9. Ordinarily, "If a trial court is bound by an agreement it ratifies, it is surely bound by an agreement it authors". United States ex rel. Johnson v. DeRobertis 541 F. Supp. 547, 550 (1982). As to petitioner, because of the courts failure to inform petitioner of the 3 yr. MSR term, petitioner was prevented from exercising his right to object to the addition term and his right to withdraw his plea, i.e. petitioner's right to due process; at the time of sentencing or anytime there after. In Leong v. Potter, 347 F.3d.1117, 1123, the court stated, equitable tolling focuses on a plaintiffs excusable ignorance and lack of prejudice to the defendant, citing Santa Maria, 202 F.3d at 1176. The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period", citing Leorna, 105 F.3d at 551. In the case of petitioner he "had neither actual nor constructive notice of the filing period". Petitioner also "had neither actual nor constructive" notice of the 3yr MSR term. In Johnson v. Berry, 171 Fsupp.2d 985, 989, the court noted, "Equitable Tolling" stops the running of a statute of limitation against a plaintiff who was justifiably ignorant of his cause of action.

As to petitioner, the "Sentence and Commitment" order papers make no mention of the 3 yr. Mandatory supervised release term. Thereby not giving petitioner the opportunity to challenge the additional 3 yr. Term. As defined by Webster's Dictionary ignorant" is defined an "unaware" or "uninformed".

8

Petitioner believed his negotiated sentence to be complete. There was no reason to believe that there was a defect in petitioner's sentence. Because of this defect, equitable tolling should allow the granting of petitioner's habeas petition.

Petitioner was not at fault of the unawareness and petitioner was not at fault of the delayed filing of this habeas corpus, as the state has claimed.

## CONCLUSION

Constitutional Law requires that "a plea of guilty, to satisfy due process requirements, must be entered with full knowledge of the consequences, as evident from the record.

Had petitioner been fully informed of the consequences to follow his negotiated sentence, petitioner would not be before this court in this matter. The question that petitioner would like to put before this court is: How can you file for something that you know nothing about?

The court felt it had gotten what is asked for i.e., a guilty plea. Petition felt he was getting what was offered to him, i.e., a 45 yr. sentence. And indeed both parties did get what each wanted. It was only until much later that petitioner realized that he had gotten much more than he had bargained for. There was nothing to indicate to petitioner that there was a defect in his sentence.

The record contains no evidence which affirmatively shows that petitioner knew that he would be subject to an MSR term, petitioners stated unawareness should be taken as true.

Petitioner asks that equitable tolling be considered and dismiss respondent's motion to dismiss and to process in this matter.

Respectfully submitted

Cory Robinson, B14923
Pro-Se Petition
Dixon C.C.
2600 N. Brinton Ave
Dixon, Illinois 61021

## CERTIFICATE OF SERVICE

I hereby certify that on ___July 14___, 2008, I presented that attached – Reply-to the Clerk of the United States District Court for the Northern District of Illinois, using the United States Postal Service, and I hereby certify that I have mailed by the United Postal Service the document to the following:

Lisa Madigan
Attorney General of Illinois

For:   Sheri L. Wong, Bar #6291090
       Assistant Attorney General
       100 West Randolph Street, 12th Floor
       Chicago, Illinois  60601-3218

Cory Robinson, B14923
Dixon Correctional Center
2600 N. Brinton Ave
Dixon, Illinois  61021