UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CORY ROBINSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 1558 |
| NEDRA CHANDLER, Warden, Dixon Correctional Center, | ) ) ) | The Honorable Joan B. Gottschall, |
| Respondent. | ) ) | Judge Presiding. |

_____

## RESPONDENT'S REPLY

Respondent NEDRA CHANDLER submits this reply to petitioner's response to respondent's motion to dismiss, and states as follows:

1.  On March 11, 2008, petitioner Cory Robinson filed a petition for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 8).

2.  On June 11, 2008, respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). (Doc. 14). As explained in respondent's motion to dismiss, the statute of limitations began to run on April 24, 1997, when AEDPA's one-year grace period expired. Six-plus years of untolled time elapsed until petitioner's postconviction proceedings stopped the limitations clock. The limitations period began running again upon conclusion of postconviction proceedings, and six more months elapsed before petitioner filed the instant petition. When added to the six-plus years that elapsed between the conclusion of

his direct appeal and the initiation of his postconviction proceedings, the instant petition was filed nearly seven years beyond the one-year limitations period.

3. On July 14, 2008, petitioner filed a response to respondent's motion to dismiss. (Doc. 18).

4. Respondent now submits this reply to petitioner's response. For the reasons stated below, as well as those discussed in respondent's motion to dismiss, this Court should dismiss the petition with prejudice as time-barred.

## ARGUMENT

Petitioner makes two arguments in support of his contention that his habeas petition should not be dismissed as time-barred. First, petitioner argues that his petition is timely because the statute of limitations did not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). (Doc. 18 at 4). Petitioner asserts he did not discover the factual basis of his due process claims until he was informed that he would have to serve the three-year period of mandatory supervised (MSR) "through word of mouth from other inmates, and more convincingly, from an inmate named Ronald Whitfield who was a resident at the Dixon Correctional Center." (*Id.*). Second, petitioner contends that he is entitled to equitable tolling because he "'had neither actual nor constructive' notice of the [three-year] MSR term." (*Id.* at 8). Both of these arguments fail as a matter of law.

**I.     Factual predicate**

Section 2244(d)(1)(D) starts the limitations period from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner first asserts that he discovered facts supporting his due process claims "just prior to October 7, 2003" when he learned from other inmates that he would have to serve a period of MSR, and that "there is no evidence in the record that indicates that he should have learned of the MSR period sooner." (Doc. 18 at 4-5). Petitioner's argument is meritless because he fails to allege when he learned of the MSR term and fails to allege — much less demonstrate — due diligence.

First, petitioner has failed to specifically allege the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence. Petitioner simply alleges the "only evidence in the record on the point of petitioner's factual predicate of the claim is [his] filing of the 'Corrective Mittimus/Motion for Nun Pro-Tunc Order'" and that the statute of limitations began running "just prior to October 7, 2003." (*Id.* at 4-5). Petitioner further alleges that "[i]t was not until [he] was in prison, sometime while at the Dixon Correctional Center that he learned that his sentence had been increased." (*Id.* at 5). This unspecific allegation is insufficient to trigger § 2244(d)(1)(D)'s start date.

Moreover, petitioner has not shown that, exercising due diligence, he could not have discovered that he would be required to serve a three-year MSR term before October 7, 2003. *See Wood v. Spencer*, 487 F.3d 1, 4 (1st Cir. 2007)

(petitioner bears burden of proving due diligence in discovering factual predicate of claim under §2244(d)(1)(D)); *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (same); *see also Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) (requiring petitioner to demonstrate entitlement to equitable tolling of statute of limitations). Respondent notes that this information is readily available from the Department of Corrections. Petitioner pleaded guilty and was sentenced on June 13, 1991. Assuming that petitioner was entitled to AEDPA's one-year grace period — until April 24, 1997 — to file his habeas petition, approximately six years passed before he filed his "Motion for a Corrective Mittimus/Motion for Nunc Pro Tunc Order." Accordingly, petitioner has not demonstrated that he exercised due diligence, or that the factual predicate could not have been discovered during that six-year time period. *See Harkless v. Weger,* 07-4001, 2007 WL 2700152, *3 (C.D. Ill. Aug. 23, 2007); *see also Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) (statute of limitations under §2244(d)(1)(D) begins when factual predicate *could* have been discovered, not when it *was* discovered or when petitioner recognizes legal significance of facts) (emphasis added); *Daniels v. Uchtman,* 421 F.3d 490, 491-92 (7th Cir. 2005) (petitioner failed to exercise due diligence in discovering factual basis for purposes of § 2244(d)(1)(D)). Contrary to petitioner's assertion, nothing prevented him from discovering the factual predicate of his MSR claim. Therefore, the timeliness of petitioner's federal habeas petition should be reviewed under § 2244(d)(1)(A), rather than under § 2244(d)(1)(D).

**II.     Equitable tolling**

Petitioner also asserts that the doctrine of equitable tolling should apply to "allow the granting of petitioner's habeas petition" because he did not have actual or constructive notice of the MSR term. (Doc. 18 at 9). The Supreme Court has never decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). Assuming that the limitations period can be equitably tolled, petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time," *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), but only where it does not conflict with the express provisions of § 2244(d). *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Here, petitioner argues that he could not have discovered the fact of his three-year MSR term until he learned about it from other inmates in October 2003.

Petitioner has failed to show that his "lack of notice" constitutes an "extraordinary circumstance that stood in his way" and prevented him from filing. Nor has petitioner demonstrated that he has been pursuing his rights diligently, as he waited six months following the conclusion of state postconviction proceedings before filing the instant § 2254 petition. *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (equitable tolling is "rarely deem[ed] . . . appropriate" and noting that the

5

Court has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context").

Petitioner's arguments for a later start date under § 2244(d)(1)(D) and equitable tolling are the same: he alleges that he did not know until twelve years after his conviction that he would also have to serve an MSR term. Petitioner simply recasts his (d)(1)(D) argument and presents it in terms of equity. Because petitioner's argument provides no basis for a later starting date under § 2244(d)(1)(D), application of equitable tolling in this case would conflict with the express provisions of § 2244(d) and usurp the constitutionally mandated limits on habeas petitions. *See Lo,* 506 F.3d at 576 (where petitioner simply recast his unsuccessful § 2244(d)(1)(D) argument in terms of equitable tolling, "to allow [petitioner] to succeed on this recharacterized argument would usurp the congressionally mandated limits on habeas petitioners"); *Taliani*, 189 F.3d at 598.

### III.  Merits of Due Process Claim

Should this Court find that the instant petition is timely, habeas relief should be denied as petitioner's claim that his due process rights were violated by the state trial court's failure to admonish him of the three-year term of MSR lacks merit.

Petitioner's claim is foreclosed by *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006), where the Seventh Circuit held that "[t]here is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a sentence of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the context of parole." Thus, like

6

Lockhart, petitioner "faces an impossible hurdle in showing that the state court contradicted or unreasonably applied clearly established federal law as determined by the Supreme Court because the Court has expressly declined to decide the issue." *Id.*; *see also Sanchez v. Keller*, 06-Civ-3370 (JSR) (THK), 2007 WL 4927791, *7 (S.D.N.Y. 2007) (collecting cases); 28 U.S.C. § 2254(d)(1). Accordingly, even if the petition were timely, petitioner would not be entitled to habeas relief because he could not demonstrate that the state appellate court's decision was contrary to, or an unreasonable application of, clearly established federal law, as no such Supreme Court precedent exists.

Further, petitioner's contention that his sentence and MSR term violate Illinois Supreme Court Rule 402 is non-cognizable, as it does not allege a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

## **CONCLUSION**

Pursuant to 28 U.S.C. § 2244(d)(1)(A), this Court should dismiss the petition for writ of habeas corpus as time-barred. If the Court denies the motion to dismiss, respondent respectfully requests 30 days from the entry of the Court's order to address the merits of, or any procedural defaults or other defense to, the claims presented in the petition.

July 30, 2008　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　LISA MADIGAN
　　　　　　　　　　　　　　　　　　　　　Attorney General of Illinois

　　　　　　　　　　　　　By:　　/s/ Sheri L. Wong
　　　　　　　　　　　　　　　　SHERI L. WONG, BAR # 6291090
　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　100 W. Randolph Street, 12th Floor
　　　　　　　　　　　　　　　　Chicago, IL 60601-3218
　　　　　　　　　　　　　　　　TELEPHONE: (312) 814-3692
　　　　　　　　　　　　　　　　FAX: (312) 814-2253
　　　　　　　　　　　　　　　　EMAIL: swong@atg.state.il.us

## CERTIFICATE OF SERVICE

I certify that on July 30, 2008, I electronically filed respondent's **Reply** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date, mailed copies of this document via the United States Postal Service to the following non-CM/ECF user:

Cory Robinson, #B14923
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

 /s/ Sheri L. Wong
SHERI L. WONG, BAR # 6291090
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601-3218
TELEPHONE: (312) 814-3692
FAX: (312) 814-2253
EMAIL: swong@atg.state.il.us