UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> CORY ROBINSON ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> NEDRA CHANDLER, Warden, ) <br> ) <br> Respondent. ) | Case No. 08 C 1558 <br><br> Judge Joan B. Gottschall |

**MEMORANDUM OPINION & ORDER**

Petitioner Cory Robinson ("Mr. Robinson") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Mr. Robinson cannot establish that the state court decision he challenges is "contrary to" or "an unreasonable application of" any clearly established federal law, Mr. Robinson's petition is denied. *See* 28 U.S.C. § 2254(d)(1).

**I. BACKGROUND**

According to the facts set forth in the opinion of the Illinois Appellate Court, on March 13, 1989, Mr. Robinson entered the apartment of his girlfriend and stabbed her with a knife, then proceeded to a bedroom where he stabbed his girlfriend's cousin multiple times, causing the cousin's death. (*See* Pet. for Writ of Habeas Corpus (hereinafter "Petition"), ECF No. 8, Ex. H.) Mr. Robinson's girlfriend survived, and he was charged with first-degree murder, attempted murder, home invasion, residential burglary, burglary, and aggravated battery.

During the pendency of the case, a number of plea negotiation conferences were held pursuant to Illinois Supreme Court Rule 402. Transcripts indicate that these conferences were held on June 20, 1990 and April 24, 1991, with the latter date apparently continued until May 1, 1991. (*See* Petition Ex. A–B.) On June 13, 1991, the parties—Mr. Robinson represented by counsel—appeared once again, and the court indicated that a plea agreement had been reached. The parties agree that although the State agreed to drop certain charges, it was the court—not the State—that offered Mr. Robinson forty-five years in exchange for his guilty plea. In response to that offer, Mr. Robinson pleaded guilty to first degree murder, attempted murder, and residential burglary, and was sentenced to concurrent terms of forty-five, thirty, and ten years of imprisonment.

Following his plea, Mr. Robinson filed a variety of challenges in state court, including a petition to reduce his sentence and a petition to vacate the judgment under 735 ILCS 5/2-1401. Although the procedural history is not crystal clear, it appears that those petitions were denied, and they are not raised in this petition for relief under 28 U.S.C. § 2254.

The petition presently at issue stems from Mr. Robinson's October 28, 2003[1] "Petition for a Corrective Mittimus/Motion for Nunc Pro Tunc Order," in which he alleged that he was never admonished that a three-year period of mandatory supervised release ("MSR") would be appended to his sentence. Under 730 ILCS 5/5-8-1(d)(1), a conviction for first degree murder carries with it an automatic MSR period of three years.

---

[1] Although unimportant for purposes of this discussion, for clarity of the record the court notes that in certain pleadings the State has given Mr. Robinson the "benefit of the doubt" and used the dates by which Mr. Robinson stated that he placed an item in the mail. The court uses the dates that the documents were filed with the appropriate court.

Mr. Robinson claims that had he known of the MSR period at the time of his plea, he would not have pleaded guilty; in fact, he alleges that he rejected offers for eighty, sixty, and fifty years, but accepted the offer for forty-five years, which would lend some credence to his claims. The State filed a motion to dismiss. Following appointment of counsel and the restructuring of the petition as one for post-conviction relief under 725 Ill. Comp. Stat. 5/112-1, the Illinois state court granted the motion and dismissed Mr. Robinson's petition in open court on April 29, 2005. (*See* Petition Ex. G.)

The court's stated reason for granting the motion to dismiss rested upon Mr. Robinson's request for relief. His original charges rendered him eligible for the death penalty, and Mr. Robinson did not want to withdraw his plea, because he would have been death eligible once again.[2] But Mr. Robinson also recognized that the MSR period is mandatory and cannot be severed from his sentence. *See People v. Russell*, 345 Ill. App. 3d 16, 22 (2003) ("Courts do not have authority to strike the mandatory supervised release term imposed under this statute."). Thus, Mr. Robinson instead asked that the MSR period be "folded into" his sentence, as was the case in *People v. Moore*, 214 Ill. App. 3d 938 (1991). The trial court rejected that request, stating that incorporating the MSR period into the original sentence "is no different than striking it; in effect what would happen is there would not be any MSR." (*See* Petition Ex. G at 10.) Because the court understood *Russell* to foreclose Mr. Robinson's requested relief, it dismissed Mr. Robinson's petition.

Mr. Robinson appealed, raising the same claims he raised before the trial court. After the appeal was briefed, but before it was decided, the Illinois Supreme Court issued

---

[2] Illinois abolished the death penalty in March of 2011. *See* 725 ILCS 5/119-1 (effective July 1, 2011).

3

*People v. Whitfield*, 217 Ill. 2d 177 (2005). There, the Illinois Supreme Court held that where a court fails to admonish a defendant that his sentence includes a period of MSR *and* the defendant pleads guilty pursuant to a negotiated plea agreement, the addition of the MSR term "amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." *Id.* at 190. Notably, the court crafted a remedy wherein it decreased the defendant's twenty-five year sentence to twenty-two years, followed by a three-year MSR term—the very type of relief Mr. Robinson had requested. *Id.* at 205.

The appellate court, however, denied Mr. Robinson's appeal on the basis that Mr. Robinson's plea was not a "fully negotiated" plea. (*See* Petition Ex. H.) In the court's view, "[a] guilty plea necessarily derives from an agreement between the defendant and the State, not the court." Because it was the trial court that had offered the proposed sentence, the reviewing court found that the trial court "retained full discretion to impose a sentence." Further, the court found that "defendant was not denied the benefit of his bargain with the State" because the State "agreed to, and did, drop certain charges." The appellate court therefore affirmed the trial court's decision. Mr. Robinson duly sought a petition for leave to appeal to the Illinois Supreme Court, which was denied on September 27, 2007.

Mr. Robinson filed his § 2254 petition with this court on March 17, 2008, and the State filed a motion to dismiss on the basis that the petition was untimely under 28 U.S.C. § 2244(d)(1). This court denied the motion, finding that Mr. Robinson filed his initial petition within one year of the date he learned that his sentence included a three-year

4

MSR period, and that his petition was timely. (*See* Order, Mar. 2, 2009, ECF No. 23.) The merits are properly before the court at this time.

## II. DISCUSSION

### A. Standard of Review

As the Supreme Court has repeatedly emphasized, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). Consequently, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," and "relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67-68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1), further narrows a reviewing court's inquiry. Under the AEDPA, a court can only grant relief where the challenged state court decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 367 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Court's]." *Id.* at 404. A state court's decision involves an "unreasonable application" of clearly established federal law where the court unreasonably applied the controlling legal rule to the facts of the case. *Id.* at 407. The court's application of Supreme Court precedent must be more than

incorrect or erroneous. Rather, it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

**B.     Analysis**

With these limitations firmly in mind, the court now turns to the particulars of Mr. Robinson's claim. This case is unusual in that the parties agree on many of the relevant facts. For instance, the appellate court found that "the record reveals, and the parties agree, that the trial court never mentioned MSR." (*See* Petition Ex. H at 3.)    And as previously noted, the parties agree that the offer for forty-five years in exchange for Mr. Robinson's guilty plea came from the court, not the State. Interpreting Mr. Robinson's *pro se* petition liberally, *see McGee v. Bartow*, 593 F.3d 556, 565-66 (7th Cir. 2010), Mr. Robinson raises two claims. The first is that the trial court's failure to advise him of the MSR period violates Illinois Supreme Court Rule 402 ("Rule 402"). *See People v. Morris*, 236 Ill. 2d 345, 367 (2010) (Rule 402 "requires that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged"). The second is that the MSR term deprives Mr. Robinson of the benefit of the bargain he made, in violation of the Due Process Clause of the Fourteenth Amendment. *See Whitfield*, 217 Ill. 2d at 195 ("[D]ue process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence."). The court addresses each in turn.

   1.     Rule 402

Mr. Robinson cannot prevail on his first claim. Undoubtedly, the trial court violated Rule 402 when it failed to admonish Mr. Robinson of his mandatory three-year

6

MSR period. *See Morris*, 236 Ill. 2d at 367. But the fact of the matter is that this is a violation of a state court rule—not a violation of the Constitution or a federal law. *See Estelle*, 502 U.S. at 68. As a result, while it is clear that the court erred, it is just as clear that there is no relief to be had in the federal courts. *See, e.g.*, *United States ex rel. Hill v. Montgomery*, No. 08 C 3096, 2009 WL 65315, at *2 (N.D. Ill. Jan. 9, 2009) (denying a petition for relief when the petitioner contended that his MSR term violated Rule 402 because the claim "rest[ed] entirely on state law"); *United States ex rel. Adams v. Gilson*, No. 05 C 4703, 2008 WL 2704878, at *3 (N.D. Ill. July 8, 2008) (same).

2.  Due Process Clause

Mr. Robinson's second claim—that he was denied the benefit of his bargain in violation of the Due Process Clause—fails for a different reason: the United States Supreme Court has never held that a defendant has a due process right to be advised of MSR when he enters into a plea agreement. In fact, "the [Supreme] Court has expressly declined to decide such an issue in the very similar context of parole." *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) and *Lane v. Williams*, 455 U.S. 624, 630 n.9 (1982)).[3] Because there is no "clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), Mr. Robinson is presented with an "impossible hurdle"; he cannot establish that the state court contradicted or unreasonably applied a federal law when that

---

[3] The Illinois Supreme Court has delineated two closely related, constitutional challenges often made in attacking a guilty plea. *See Whitfield*, 217 Ill. 2d at 183-85. A defendant might challenge his plea on the basis that he did not enter into the agreement knowingly and voluntarily; alternatively, as here, a defendant may challenge his plea on the basis that he was denied the benefit of his bargain. *Lockhart v. Chandler* and the cases cited therein indicate the Seventh Circuit was concerned with the former, but to the extent that there is a distinction, it is one without a difference: the fact remains that the U.S. Supreme Court has never held due process to require an MSR admonishment or any admonition about post-incarceration supervision.

federal law does not exist. *See Lockhart*, 446 F.3d at 724; *see also Williams*, 529 U.S. at 412 (noting that § 2254(d)(1) "restricts the source of clearly established law to [the U.S. Supreme] Court's jurisprudence").[4]

Thus, even assuming the rule in *Whitfield* would apply to Mr. Robinson's case,[5] the simple truth is that Mr. Robinson has not, and cannot, point to any law "clearly established" by the Supreme Court that provides him with a cognizable due process right. For this reason, the court must deny his petition for relief.

### III. CONCLUSION

Because Mr. Robinson has not presented a cognizable federal claim that would entitle him to habeas relief, his petition is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 25, 2011

---

[4] The appellate court seems to have concluded that a plea bargain *by definition* can never be "negotiated" with a trial court. (*See* Petition Ex. H at 5-6.) This court rejects the idea that a trial court cannot negotiate a plea. Indeed, it is clear that that is precisely what happened in this case. (*See* Petition Ex. C at 1-7.)

[5] While Mr. Robinson's case was pending before this court, the Illinois Supreme Court issued *People v. Morris*, in which the court determined that (1) under the principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989) and *People v. Flowers*, 138 Ill. 2d 218 (1990), *Whitfield* announced a new rule, and (2) the new rule would not apply retroactively to cases on collateral review. *Morris*, 236 Ill. 2d at 361-66.